

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-12-2007

# USA v. Havey

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1598

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Havey" (2007). *2007 Decisions.* Paper 1314.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1314

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1598

_____

UNITED STATES OF AMERICA,
Appellee,

v.

JOHN A. HAVEY,
Appellant.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 03-cr-00121)
District Judge:  Honorable Donetta W. Ambrose

_____

Submitted Under Third Circuit LAR 34.1(a)
March 16, 2007

Before:  FUENTES, GREENBERG, and LOURIE,[*] Circuit Judges.

(Filed April 12, 2007)

_____

OPINION OF THE COURT
_____

_____

[*]Honorable Alan D. Lourie, United States Circuit Judge for the Federal Circuit, sitting by designation.

LOURIE, Circuit Judge.

John A. Havey ("Havey") appeals from a judgment of conviction and sentence entered by the United States District Court for the Western District of Pennsylvania. Because we conclude that the District Court did not abuse its discretion in admitting certain contested evidence, that Brady violations did not occur, that alleged cumulative trial errors did not prejudice Havey, and that his sentence was reasonable, we will affirm.

On April 1, 2003, a grand jury returned a three-count indictment against Havey charging him with three counts of income tax evasion in violation of 26 U.S.C. § 7201 for the tax years of 1993, 1994, and 1995. At trial, the government proffered evidence demonstrating that Havey, a practicing attorney, diverted fees and other income into investment accounts, instead of working business or escrow accounts, thereby apparently avoiding personal income tax. The Internal Revenue Service ("IRS") conducted an audit in 1998, which revealed that Havey had unreported income exceeding $500,000 for the 1993-95 tax years, and unpaid taxes exceeding $200,000. On February 16, 2005, a jury found Havey guilty on all three counts of the indictment. On February 3, 2006, the District Court sentenced Havey to twenty-one months imprisonment, at the lowest end of the advisory guideline range, for each of the three counts, with all sentences to run concurrently, a term of supervised release for three years, and a special assessment of $300. Judgment was entered on February 13, 2006. On February 15, 2006, Havey filed his notice of appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.

2

On appeal, Havey challenges his conviction on three grounds. First, he asserts that the District Court abused its discretion by admitting evidence relating to his delinquency in filing tax returns for years other than 1993-95, in violation of Federal Rule of Evidence 404(b). Second, he asserts Brady v. Maryland, 373 U.S. 83 (1963), violations based on the government's purported failure to provide him with certain allegedly exculpatory information. Third, he argues that the cumulative prejudicial effect of various trial errors deprived him of his constitutional rights to due process, confrontation, fundamental fairness, and a fair trial. In addition, Havey presents reasons why his sentence should be vacated. We address each argument in turn.

First, Havey contends that the District Court abused its discretion in admitting certain evidence, namely, an IRS collection letter dated January 6, 1996, that concerned Havey's delinquent filing for the 1991 tax year.[1] Havey contends that the letter constituted evidence of a prior bad act, i.e., the delinquent filing of taxes for 1991, and therefore was improperly admitted in violation of Federal Rule of Evidence 404(b). Havey asserts that the District Court failed to properly weigh the probative value of the letter against its prejudicial effect. The government argues that the District Court did not abuse its discretion.

We agree with the government that the District Court did not abuse its discretion in admitting the 1996 collection letter. Rule 404(b) provides that:

---

[1]

While Havey states in his brief that the District Court erred in admitting "evidence of Havey's delinquent filing of income tax returns beginning in the 1980's," he fails to specifically identify any other evidence other than the 1996 collection letter. Havey Br. at 40. Thus, we limit our discussion to that letter.

3

> Evidence of other crimes, wrongs, or acts <u>is not admissible to prove the character of a person in order to show action in conformity therewith</u>. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed. R. Evid. 404(b) (emphasis added). The 1996 collection letter did not constitute improper Rule 404(b) evidence. The record shows that the letter was not offered for the purpose of proving the character of Havey "in order to show action in conformity therewith." Instead, the record demonstrates that the government introduced the letter at trial for the narrow purpose of rebutting statements that Havey made during his direct examination.

Specifically, at trial Havey testified that he had numerous conversations with an IRS Agent, Mrs. Sweeney, on or before April 1997. Havey stated that Sweeney made threats to "padlock" his office if he did not file his 1993-95 returns by April 11, 1997. According to Havey, the purported threats caused him to file incomplete and inaccurate tax returns for the 1993-95 tax years. He further testified that he intended to subsequently file amended tax returns that contained the correct information. Because he was primarily concerned with meeting the filing deadline in order to avoid the forced closure of his business, Havey testified that he lacked intent to defraud the government. That assertion constituted the crux of Havey's defense at trial.

In response, the government introduced the collection letter during cross-examination in order to discredit Havey's theory that an IRS agent threatened to padlock his office because he failed to file his 1993-95 tax returns. Instead, if any threat had been made, the government argued that it concerned his delinquent 1991 tax return. The collection letter

4

established that Havey had an outstanding tax liability for 1991 in an amount over $44,000. As such, the government argued that any threatened enforcement action that may have occurred in 1997 was related to the delinquent 1991 return, not the years of 1993-95 that were the subject of the indictment. That was particularly so, according to the government, in light of the fact that Havey had not yet filed his 1993-95 tax returns at that time.

Thus, as the record shows, contrary to Havey's assertion, the 1996 collection letter fails to come within the first sentence of Rule 404(b) and thus does not constitute inadmissible character evidence. It was not offered "to prove the character of a person in order to show action in conformity therewith." (Indeed, the mere fact that Havey filed incomplete tax returns for 1993-95 in 1997 in and of itself acknowledges that Havey was delinquent in filing his returns.) Instead, the evidence was clearly offered for the proper purpose of rebutting Havey's defense that the IRS threatened to padlock his office if he did not file his 1993-95 tax returns. Because Rule 404(b) does not apply, and Havey was not prejudiced by the admission of this evidence, Havey's argument fails.

Next, Havey argues that the government's failure to disclose certain evidence requires a new trial under Brady v. Maryland and Giglio v. United States, 405 U.S. 150 (1972). Havey challenges the government's failure to timely inform him of the following information, which he construes as exculpatory or impeaching evidence: 1) that IRS collection documents had been destroyed in 2001; 2) that his accountant's billing records had been destroyed; and 3) that another accountant was involved in the preparation of his 1993-95 tax forms. According to Havey, the destroyed IRS documents would have

5

established beyond any doubt that he had no outstanding tax liability for the 1991 tax year as of April 7, 1997, and would have strengthened his defense theory that he acted without intent to defraud the government. Havey further argues that that evidence would have proven that he acted out of fear because the IRS threatened to padlock his doors in April 1997 if he did not file his 1993-95 tax forms by the April 11, 1997 deadline. The government responds that none of the purported Brady material was exculpatory and thus improperly withheld.

We agree with the government that Havey fails to demonstrate that the government withheld exculpatory material. We have stated that it is "unwise to infer the existence of Brady material based on speculation alone." Ramos v. United States, 27 F.3d 65, 71 (3d Cir. 1994). Here, Havey offers nothing beyond his speculation to establish that the IRS documents, which the trial record shows were destroyed in the normal course of business, contained Brady material. Assuming arguendo that the destroyed documents did contain evidence that Havey paid all of his taxes for the 1991 tax year, Havey still fails to "produce a reasonable probability that the result of the proceeding would have been different," United States v. Pellulo, 14 F.3d 881, 886-87 (3d Cir. 1994). Even if the destroyed documents contained evidence that Havey's taxes from 1991 were paid in their entirety, the record is still replete with overwhelming evidence that Havey filed false income tax returns on April 11, 1997 for the 1993-95 tax years, and that he failed to file any amended returns during the ten months leading up to the audit that began in February 1998, contrary to his claim that he intended to do so. We thus conclude that the destruction of the IRS documents and the

government's failure to inform Havey of the unavailable documents until just before trial do not constitute a <u>Brady</u> violation.

Moreover, we agree with the government that the fact that another individual was involved in the preparation of his tax form without his knowledge is not exculpatory information. As the District Court acknowledged, the heart of the allegations was not "who prepared the return," but the allegation that Havey diverted income into investment accounts without reporting it to the IRS. Nor are the missing billing records of Havey's accountant exculpatory information. The manner in which Havey's accountant or the undisclosed individual divided the work in preparing Havey's tax forms similarly has no bearing on Havey's failure to report income to the IRS. Accordingly, we conclude that the government's failure to disclose that information likewise did not constitute a <u>Brady</u> violation.

Next, Havey argues that the cumulative effect of various trial errors deprived him of his constitutional rights to due process, confrontation, fundamental fairness, and a fair trial, and thus warrants reversal. Because the basis of this argument is largely premised on the purported errors discussed above, and in light of our conclusion that those arguments are without merit, we likewise conclude that Havey's constitutional argument is unavailing.

In challenging his sentence, Havey raises two primary arguments. First, he argues that the District Court failed to mitigate the sentence in light of his good works and community service. Relying on <u>United States v. Fred E. Cooper</u>, 394 F.3d 172 (3d Cir. 2005), Havey

7

asserts that the court unreasonably discounted his long history of community and charitable involvement, which he contends supports a lesser sentence.

We review sentences imposed by the district courts for "reasonableness." United States v. Booker, 543 U.S. 220, 261-62 (2005). In deciding whether a sentence is reasonable, we must determine whether the District Court properly exercised its discretion in considering the factors set forth in 18 U.S.C. § 3553(a). In United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006), this court stated that it "need not discuss every argument made by a litigant if an argument is clearly without merit," nor must the court "discuss and make findings as to each of the § 3553(a) factors if the record makes clear that the court took the factors into account in sentencing." Id. The court further noted that "[t]here are no magic words that a district judge must invoke when sentencing, but the record should demonstrate that the court considered the § 3553(a) factors and any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record." Id. at 332.

At the sentencing hearing, the District Court first noted the seriousness of the offense of income tax evasion, noting that the government depends on honest and voluntary compliance of the tax laws by its citizens. As such, punishment for tax evasion is necessary to further the goal of deterrence. The court also did consider Havey's reputation as "an upstanding citizen and attorney." Thus, it determined that correctional treatment for a long period of time was not deemed necessary. The court also determined that Havey's reliance on Fred E. Cooper is misplaced because it is factually distinguishable. The court therefore

8

sentenced Havey to a twenty-one month term of imprisonment—at the lowest end of the applicable advisory guideline range.

We conclude that the District Court's explanation of its thought process is sufficient to demonstrate that it meaningfully considered the relevant factors, and thus find the sentence to be reasonable. We further agree with the government and the lower court that a different result is not warranted in light of Fred E. Cooper. In that case, we affirmed the District Court's order granting a four-level downward departure from the applicable sentencing guideline that the court granted because of the defendant's exceptional good works. We stated that "[d]ownward departures for good works . . . are permissible when the works are exceptional." Id. at 178. Thus, it was within the District Court's discretion to grant a downward departure if the court deemed Havey's good works and community service sufficient to warrant such a departure. Because the court was permitted to take those factors into account in determining Havey's sentence, and did so, but found that they were insufficient to support a downward departure, we do not find its decision to impose a sentence at the lowest end of the advisory range unreasonable under the circumstances.

Second, Havey also argues that the district court impermissibly engaged in judicial fact-finding in calculating the amount of the tax loss that was used in computing the base offense level. According to Havey, the court's factual findings violated his Sixth Amendment rights. We disagree. A sentencing court may make factual findings supported by a preponderance of the evidence relevant to sentencing enhancements, as the District Court did here. In United States v. Miller, 417 F.3d 358, 362 (3d Cir. 2005), we noted that

9

the district court in that case "engaged in a fair amount of judicial fact finding" in calculating the defendant's prison sentence. Nonetheless, we determined that there was no legal error in the sentencing court's fact-finding, as long as, inter alia, the court recognized the advisory, as opposed to mandatory, nature of the Guidelines in light of Booker. Id. at 362-63; see also Cooper, 437 F.3d at 330 (stating "[a]s before Booker, the standard of proof under the guidelines for sentencing facts continues to be preponderance of the evidence"). Here, in addition to clearly acknowledging the advisory nature of the Guidelines, the District Court found by a preponderance of the evidence that the tax loss amounted to $205,532.00. The Court stated that that finding was based on the testimony of IRS Agents Young and Shirey, as well as Havey's accountant, Mr. Omer. Notably, when asked his position on this issue at the sentencing hearing, Havey's counsel stated that he rested on the trial record. Accordingly, Havey's challenges to his sentence have no merit.

We have considered all of Havey's remaining arguments and find them unpersuasive. We will therefore affirm.