UNITED STATES of America

v.

John A. HAVEY, Appellant.

No. 07–2859.

United States Court of Appeals, Third Circuit.

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6 Sept. 27, 2007.

Filed: Oct. 12, 2007.

Robert L. Eberhardt, Office of United States Attorney, Pittsburgh, PA, for United States of America.

John A. Havey, Aliquippa, PA, pro se.

Before: RENDELL, SMITH and JORDAN, Circuit Judges.

## OPINION

PER CURIAM.

John Havey appeals the District Court's order denying his motion for a new trial filed pursuant to Rule 33 of the Federal Rules of Criminal Procedure. In February 2006, the United States District Court for the Western District of Pennsylvania sentenced Havey to twenty-one months in prison after a jury convicted him of three counts of income tax evasion in February 2005. We affirmed Havey's conviction and sentence and denied his petition for rehearing *en banc*. While that petition was pending, Havey filed his Rule 33 motion for a new trial in the District Court alleging that he had newly discovered evidence. The District Court denied the motion, and Havey filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's order for an abuse of discretion. *United States v. Brennan*, 326 F.3d 176 (3d Cir. 2003). The test we apply to determine whether to grant a new trial based on newly discovered evidence has five parts:

(a) the evidence must be[,] in fact, newly discovered, i.e., discovered since trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) evidence relied on[ ]

must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*United States v. Jasin*, 280 F.3d 355, 361 (3d Cir.2002) *quoting United States v. Iannelli*, 528 F.2d 1290, 1292 (3d Cir.1976).

In his motion for a new trial, Havey argued that in February 2006, he discovered a check to the IRS towards his 1991 tax liability dated April 7, 1997.[1] Havey also rehashed arguments that he unsuccessfully raised in his direct appeal concerning the admission of a collection letter from 1996 which concerned his 1991 tax year liability. As we noted in our opinion affirming Havey's conviction, Havey was charged with evading taxes for the years 1993, 1994 and 1995. Thus, evidence regarding the 1991 tax year would not have changed the outcome of the trial.

Assuming arguendo that the destroyed documents did contain evidence that Havey paid all of his taxes for the 1991 tax year, Havey still fails to "produce a reasonable probability that the result of the proceeding would have been different." Even if the destroyed documents contained evidence that Havey's taxes from 1991 were paid in their entirety, the record is still replete with overwhelming evidence that Havey filed false income tax returns on April 11, 1997 for the 1993–1995 tax years, and that he failed to file any amended returns during the ten months leading up to the audit that began in February 1998, contrary to his claim that he intended to do so.

*United States v. Havey*, 227 Fed.Appx. 150, 154 (3d Cir.2007). Because Havey

---

1. Havey does not state how the check was found or allege facts from which diligence on his part could be inferred.

has not shown that the new evidence is such that it would probably produce an acquittal, the District Court did not abuse its discretion in denying Havey's Rule 33 motion.

Summary action is appropriate if there is no substantial question presented in the appeal. *See* Third Circuit LAR 27.4. For the above reasons, we will summarily affirm the District Court's order. *See* Third Circuit I.O.P. 10.6.