UNITED STATES of America,
Plaintiff–Appellee,

v.

Roscoe WILLIAMS, Defendant–Appellant.

No. 93–1261.

United States Court of Appeals,
Seventh Circuit.

Argued April 15, 1994.

Decided Sept. 6, 1994.

Barry R. Elden, Asst. U.S. Atty., Matthew C. Crowl (argued), Office of U.S. Atty., Crim. Receiving, Appellate Div., Chicago, IL, for plaintiff-appellee.

Carol A. Brook, Mary M. Rowland (argued), Office of Federal Defender Program, Chicago, IL, for defendant-appellant.

Before EASTERBROOK and RIPPLE, Circuit Judges, and DILLIN, District Judge.*

RIPPLE, Circuit Judge.

When Roscoe Williams saw plain-clothed police officers getting out of their unmarked cars, he took off running and threw away the weapon tucked in his waistband. A jury found him guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Mr. Williams now appeals. He challenges the sufficiency of the evidence presented against him and the appropriateness of a "flight" instruction given to the jury. For the reasons that follow, we affirm the conviction.

## I

## BACKGROUND

On the evening of September 6, 1990, two unmarked police cars pulled up to the Ida B. Wells Public Housing Complex near 39th Street and King Drive in Chicago. Out of one car emerged two plain-clothed police officers; out of the other exited three more officers. They were meeting to investigate complaints of narcotics trafficking at the housing project.

When they arrived, Roscoe Williams was leaning against a chain-link fence nearby. As the two officers got out of the car, Mr. Williams stood up and began walking toward them; however, he then turned around and walked away from them—and toward the

other three officers who had gotten out of their car. Looking over his shoulder at the two officers now behind him and walking toward him, Mr. Williams began to trot. When he reached the end of the chain-link fence bordering the sidewalk, Mr. Williams began running across the empty lot. As Mr. Williams ran, one policeman identified himself and shouted to Mr. Williams to stop. Mr. Williams continued to run through the vacant lot. Three of the officers saw him reach into the waistband of his trousers with his right hand, pull out a gun, and toss it away while he ran. One of the policemen retrieved from the dirt path the loaded .357 caliber Sterm Ruger magnum revolver. The others, announcing again that they were police and calling out to him to stop, chased Mr. Williams. He was soon caught in a fence-enclosed back yard and arrested.

Mr. Williams was charged in a single-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In the course of the two-day trial, the jury heard the testimony of the three police officers who witnessed Mr. Williams in possession of the gun, and of the ATF agent who prepared a report on the case. The jury found the defendant guilty as charged. Based on his four prior felony convictions, Mr. Williams received the statutory mandatory minimum term of fifteen years' imprisonment under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). Mr. Williams now appeals.

## II

## DISCUSSION

A. *Sufficiency of the Evidence*

Mr. Williams raises two evidentiary challenges concerning the sufficiency of the government's proof that he knowingly possessed a firearm. First, he challenges the credibility of the officers' testimony that Mr. Williams threw away a revolver. He explains that, because the night was dark and the lot was cluttered with broken glass and

* The Honorable S. Hugh Dillin, of the United States District Court for the Southern District of Indiana, is sitting by designation.

debris, the police would have been looking down and would not have seen that Mr. Williams was in possession of a firearm. Second, by pointing to factual inconsistencies between the testimony of the police officers and a report prepared by an ATF agent, Mr. Williams contends that the government failed to present enough consistently credible evidence to convict him beyond a reasonable doubt.

A defendant who challenges his conviction on the basis of insufficient evidence carries a heavy burden. *United States v. Nururdin*, 8 F.3d 1187, 1192 (7th Cir.1993), cert. denied, — U.S. ——, 114 S.Ct. 1328, 127 L.Ed.2d 676 (1994). In such a challenge, we review the evidence in the light most favorable to the government and draw all reasonable inferences in its favor. We must affirm the conviction if any rational jury could have found beyond a reasonable doubt the essential elements of the crime. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *United States v. Patterson*, 23 F.3d 1239, 1244 (7th Cir.1994); *Nururdin*, 8 F.3d at 1192.

To obtain a conviction under § 922(g)(1), the government must prove beyond a reasonable doubt that Mr. Williams knowingly possessed a firearm that had traveled in interstate commerce, and that he had been convicted of a felony prior to the events at issue. *See Patterson*, 23 F.3d at 1244 (finding sufficient evidence of knowing possession of firearm).[1] The parties stipulated that the defendant was a convicted felon and that the gun had traveled in interstate commerce. The only issue before the jury, therefore, was whether Mr. Williams knowingly possessed the firearm in question on the night of September 6, 1990.

Three police officers who had been at the scene each testified that, as Mr. Williams ran from them, they saw him pitch away the gun he was carrying in the waistband of his trousers. The officer who retrieved it testified that he had noticed where the gun had land-ed, and that the weapon he found was a loaded .357 magnum handgun. This testimony was sufficient to allow a jury to conclude that the defendant was knowingly in possession of a firearm. *See id.* (finding witness identification both of defendant and gun sufficient); *United States v. Elder*, 16 F.3d 733, 738 (7th Cir.1994) (finding that testimony of numerous witnesses to defendant's possession of weapon was sufficient evidence for § 922(g) conviction). The testimony made clear that the officers were only twenty to twenty-five feet away from Mr. Williams when they saw him throw the revolver, and that the lot was illuminated by lights. The jury, hearing the testimony of police officers trained in observation skills and in inspecting firearms such as the one retrieved, was entitled to draw the conclusion that this was the revolver possessed and thrown by Mr. Williams. *See United States v. Buggs*, 904 F.2d 1070, 1076 (7th Cir.1990) (finding that jury was entitled to find officers' testimony reliable). This court will not reweigh the evidence presented at trial or second-guess the jury's credibility determinations. *See Nururdin*, 8 F.3d at 1194 (refusing to second-guess jury's decision to believe police officers' testimony). Because the jury's findings were in accordance with all the testimony, it was justified in finding that the elements of the offense had been proved beyond a reasonable doubt.

Mr. Williams also claims that inconsistencies exist between the ATF agent's report, written six months after Mr. Williams' arrest, and the testimony of the police. This contention need not detain us long. The discrepancies are minor and of no consequence. Notably, with regard to the crucial element of the offense at issue in this case—Mr. Williams' possession of the revolver—no discrepancies existed. More importantly, the jury is not required to eliminate consideration of evidence that may not be perfectly consistent; its duty is to weigh all the evidence presented and to assess its credibility. Mr. Williams had the opportunity to advise the jury of any

---

1. *See also United States v. Coleman*, 22 F.3d 126, 130 (7th Cir.1994) (finding requisite interstate commerce nexus); *United States v. Moore*, 936 F.2d 1508, 1525 (7th Cir.) (finding requisite possession through constructive possession of fire-arm), cert. denied, — U.S. ——, 112 S.Ct. 607, 116 L.Ed.2d 630 (1991); *United States v. Garrett*, 903 F.2d 1105, 1110 (7th Cir.) (same), cert. denied, 498 U.S. 905, 111 S.Ct. 272, 112 L.Ed.2d 227 (1990).

testimonial discrepancies. It is the responsibility of the jury, not an appellate court, to decide "which witnesses to believe, and which part of those witnesses' testimony to believe." *Patterson*, 23 F.3d at 1244 (footnotes omitted). The jury rendered its credibility determination; we shall not disturb it.

## B. *Flight Instruction*

■ The government proposed, and the court gave, the following flight instruction to the jury:

Intentional flight by a defendant from law enforcement immediately after the commission of the crime is not of course sufficient in itself to establish the defendant's guilt, but it is a fact which, if proved, may be considered along with all the other evidence in the case in determining the defendant's guilt or innocence.

Tr. 429. Mr. Williams admits that there was evidence that he ran in this case. He contends, however, that the district court committed reversible error by giving, over his objection, this instruction. In his view, the instruction unduly emphasized this evidence and improperly allowed the jurors to infer guilt from the mere fact that he ran from the police. He argues that the reason for his flight could have been a fear that the plainclothed men getting out of two cars were actually gang members, or a generalized fear because he is an African–American and a convicted felon. The court denied Mr. Williams' objection to the instruction on the grounds that there was evidence of flight before the jury, and that the instruction was balanced and in some ways helpful to the defendant.

■ We have long adhered to the Supreme Court's counsel that courts be wary of the probative value of flight evidence. *See Wong Sun v. United States*, 371 U.S. 471, 483 n. 10, 83 S.Ct. 407, 415–16 n. 10, 9 L.Ed.2d 441 (1963) ("[W]e have consistently doubted the probative value in criminal trials of evidence that the accused fled the scene of an actual or supposed crime."). Although we allow evidence of flight to be presented, we require careful deliberation in its admission. *See United States v. Jackson*, 572 F.2d 636, 640 (7th Cir.1978) (explaining that admission

of flight evidence "should be regarded with caution"). We have stated that

[t]he probative value of flight as evidence of a defendant's guilt depends on the degree of confidence with which four inferences can be drawn: (1) from behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged.

*United States v. Levine*, 5 F.3d 1100, 1107 (7th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1224, 127 L.Ed.2d 569 (1994); *see also United States v. Kord*, 836 F.2d 368, 372 (7th Cir.), *cert. denied*, 488 U.S. 824, 109 S.Ct. 72, 102 L.Ed.2d 49 (1988); *United States v. Lewis*, 797 F.2d 358, 368 (7th Cir. 1986), *cert. denied*, 479 U.S. 1093, 107 S.Ct. 1308, 94 L.Ed.2d 162 (1987); *United States v. Zabic*, 745 F.2d 464, 471 (7th Cir.1984); *Jackson*, 572 F.2d at 639.

Because the probative value of flight evidence is often slight, there is a danger that a flight instruction will isolate and give undue weight to such evidence. Consequently, we have discouraged its use in this circuit. As the district court acknowledged, our pattern instructions state as much. *See also Jackson*, 572 F.2d at 639–42. In this case, we need not determine whether the district court's decision to give a flight instruction was error. For even if we assume *arguendo* that the district court erred in giving the instruction, the overwhelming weight of the evidence presented against Mr. Williams rendered any error harmless. *See United States v. Goines*, 988 F.2d 750, 773 (7th Cir.) ("Where we are convinced that the evidence in support of the verdict is so strong that, absent the erroneous instruction, the same verdict would be reached, the error is harmless."), *cert. denied*, —— U.S. ——, 114 S.Ct. 241, 126 L.Ed.2d 195 (1993). Indeed, the strong case the government presented against Mr. Williams—three police officers testifying that they saw the defendant with the revolver—makes it clear the flight instruction was entirely unnecessary.

## Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.