41 F.3d 1511
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vincent Sterling BOYD, Defendant-Appellant.
 Nos. 93-3949, 94-1426.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 18, 1994.*
Decided Oct. 25, 1994.
 
 Before BAUER, RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Vincent Sterling Boyd, a former mail room employee at Southern Illinois University, appeals his conviction on three counts of unlawful possession of a credit card known to be stolen from the mail and one count of unlawful possession of a parcel known to be stolen from the mail. 18 U.S.C. Sec. 1708. He claims that the jury based its verdict for the first three counts on insufficient evidence and that the prosecutor's alleged comment on his refusal to testify tainted the verdict. We affirm.
 
 
 2
 Boyd filed a timely motion for a new trial based on newly discovered evidence three days before the district court entered final judgment on November 11, 1993. See Fed.R.Crim.P. 33. The notice of appeal for No. 93-3949, which Boyd filed on December 6, 1994, became effective on February 18, 1994, when the lower court ruled on the motion. Fed.R.App.P. 4(b). We conclude that it was timely filed and that we have jurisdiction. Boyd's second notice of appeal, assigned docket number 94-1426, is therefore duplicative. It is accordingly dismissed. Harris v. Bellin Memorial Hosp., 13 F.3d 1082, 1083 (7th Cir.1994).
 
 
 3
 In challenging the first three counts on sufficiency of the evidence, Boyd carries a heavy burden. "In such a challenge, we review the evidence in the light most favorable to the government and draw all reasonable inferences in its favor. We must affirm the conviction if any rational jury could have found beyond a reasonable doubt the essential elements of the crime." United States v. Williams, No. 93-1261, 1994 WL 479354, at * 1 (7th Cir. Sept. 6, 1994) (citations omitted).
 
 
 4
 Witness testimony confirmed Boyd's possession of two of the stolen cards and implicated him with respect to a third. Hasson Garland, Boyd's roommate at the time, testified that Boyd gave him the Citibank Mastercard. Bobby Deals testified that he had received from Boyd a second Citibank Mastercard. Diona Hughes, Deals' girlfriend, corroborated this testimony.[1] Contradicting his prior statement, Deals claimed that he found the third card in the trash. However, consistent with his prior statement, he did admit that Boyd had accompanied him when he used this card. Cross-examination revealed that all three witnesses had pleaded guilty to the fraudulent use of the cards.
 
 
 5
 "It is the responsibility of the jury, not an appellate court, to decide 'which witnesses to believe, and which part of those witnesses' testimony to believe.' " Id. at * 2 (quoting United States v. Patterson, 23 F.3d 1239, 1244 (7th Cir.1994)). Impeachment of these witnesses as dishonest people does not automatically require the jury to completely disregard their testimony. The lower court correctly instructed the jury on carefully weighing this testimony.
 
 
 6
 In addition, the Government presented other independently proven facts to assist the jury in making its verdict. Boyd worked in the mail room for only two weeks, and during those two weeks, all three credit cards disappeared. His friends used the cards. On a day when he worked alone in the mail room, postal inspectors found in the trash mail from Citibank to the owner of one of the stolen cards, which implies an attempt by Boyd to conceal the theft. Earlier that same day, the inspectors also found him with a stolen package. Construing the evidence in the light most favorable to the government, a reasonable juror could find Boyd guilty on all three counts. We affirm the jury's verdict.
 
 
 7
 Although the Fifth Amendment prohibits a prosecutor from directly referring to a defendant's refusal to testify, Griffin v. California, 380 U.S. 609, 615 (1965), his or her comments may also violate the Fifth Amendment by indirect references. However, " '[i]ndirect references to a defendant's silence at trial violate the Fifth Amendment only if the "language used was manifestly intended to be or was of such a character that the jury would naturally and necessarily take it to be a comment on the defendant's failure to testify." ' " United States v. Tipton, 964 F.2d 650, 657 (7th Cir.1992) (quoting United States v. Perez, 870 F.2d 1222, 1229 (7th Cir.1989) (citations omitted)). We find that the statement made by the Government in the closing argument was not of the character that the jury would naturally view it as a comment on Boyd's failure to testify.
 
 
 8
 Throughout the trial, the defense attempted to show that police intimidation spurred Boyd to confess in writing that he had stolen the package. In response, the prosecutor in closing said, "and now, with the written confession, [Boyd] says, 'Well, I had Coke spilled on me, and I was intimidated,' or something like that." (Tr. V, at 6). The court sustained defense counsel's immediate objection that Boyd had not said anything. However, in this exchange, the only party commenting on Boyd's failure to testify was his own defense counsel.
 
 
 9
 We find that the prosecutor merely rebutted the defense counsel's attack on the confession by inference. The jury undoubtedly understood it as such. See United States ex rel. Lee v. Flannigan, 884 F.2d 945, 953-54 (7th Cir.1989), cert. denied, 497 U.S. 1027 (1990) (holding that asking witness whether defendant had sufficient memory to testify in court constituted an attempt "to rebut an inference that the confession was a confabulation," and was not "either a direct or indirect reference to [his] failure to testify."). It does not appear that the prosecutor sought to elicit any response from defense counsel or jury concerning Boyd's failure to testify.
 
 
 10
 Furthermore, assuming arguendo that the prosecutor's comment did constitute an indirect reference to Boyd's failure to testify, the Government produced overwhelming evidence against him. Thus, we find that the error, if any, was "harmless beyond a reasonable doubt." United States v. Perez, 870 F.2d 1222, 1229 (7th Cir.) (citations omitted), cert. denied, 493 U.S. 844 (1989).
 
 
 11
 Appeal No. 94-1426 is DISMISSED as duplicative, and appeal No. 93-3949 is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Boyd first raises the issue of hearsay in Hughes' testimony in his reply brief, and thus he waives it. Real Estate Data, Inc. v. Sidwell Co., 809 F.2d 366, 376 n. 12 (7th Cir.1987) ("[A]n appellant's argument is to be made in its opening, not its reply, brief.")