UNITED STATES of America, Plaintiff,

v.

Hector HERNANDEZ and James Kerley, Defendants.

Nos. 96 C 1435, 96 C 1436.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 6, 1996.

**1002**

Michael T. Mason, Federal Defender Program, Chicago, IL, Gary Noble Topol, Elgin, IL, David S. Mejia, Chicago, IL, Carlos Alberto Vazquez, Vazquez & Vazquez, Chicago, IL, for Hector Hernandez.

Michael T. Mason, Federal Defender Program, Chicago, IL, David S. Mejia, Chicago, IL, for James L. Kerley.

Patrick M. Collins, United States Attorney's Office, Chicago, IL, for U.S.

### OPINION AND ORDER

NORGLE, District Judge.

Before the court are the separate motions of each Defendant to vacate, set aside, or correct their sentences pursuant to 28 U.S.C. § 2255. For the reasons that follow, the motions are granted in part and denied in part.

### I.

On January 29, 1992, a grand jury returned a superseding indictment charging Defendants James Kerley ("Kerley"), Hector Hernandez ("Hernandez"), and Michael Williams ("Williams") with conspiracy to distribute, and possess with intent to distribute, 150 pounds of marijuana (Count 1), and using and carrying two firearms during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) (Counts 2 and 3). All three defendants were later tried and found guilty on all three counts.

During the trial, the evidence demonstrated that all three defendants participated in a drug deal that was foiled by federal agents while in progress. *United States v. Williams*, 31 F.3d 522, 524 (7th Cir.1994). In the midst of the drug transaction, federal agents descended upon Kerley's garage to arrest all three Defendants. A search of Williams' person revealed a loaded .38 caliber handgun tucked into the waistband of his pants ("Count 3 gun"). *Id.* Upon further search of the arrest area, the agents discovered a second loaded handgun, a nine-millimeter Beretta pistol ("Count 2 gun"), concealed in a folded pair of pants which were placed on top of a heater inside of the garage.

After both the Government and defendants rested their respective cases, the court gave the jury the following instructions in relation to Counts 2 and 3:

> In Counts Two and Three of the indictment, defendants Hector Hernandez, James L. Kerley, and Michael Williams are charged with the offense of carrying or using a firearm during and in relation to a drug trafficking offense in violation of Title 18, United States Code, Section 924(c). Section 924(c) provides in pertinent part:
>
> > Whoever, during and in relation to any ... drug trafficking crime ... for which he may be prosecuted in a court of the United States, uses or carries a firearm,

shall be guilty of an offense of the United States.

To sustain the charge in Counts Two and Three of the indictment as to defendants Hector Hernandez, James K. Kerley, and Michael Williams, of using and carrying a firearm during and in relation to a drug trafficking crime, the government must prove the following propositions as to each defendant:

> First, the defendant who you are considering is guilty of the offense charged in Count One of the indictment; and Second, the defendant who you are considering used or carried a firearm during and in relation to the offense charged in Count One.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, as to a particular defendant, then you should find that defendant guilty of Count Two and Three.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, as to a particular defendant, then you should find that defendant ... not guilty of Counts Two and Three.

The court also gave the jury a *Pinkerton* instruction:

> A conspirator is responsible for offenses committed by his fellow conspirators if he was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of or as a natural consequence of the conspiracy ... Therefore, if you find a defendant guilty of the conspiracy charged in Count 1 and if you find beyond a reasonable doubt that while he was a member of the conspiracy a co-conspirator or one of his fellow conspirators committed the offense in Count 2 or 3 in furtherance of, or as a natural consequence of the conspiracy then you should find the defendant you are considering guilty of Counts 2 or 3.

After the jury returned the guilty verdicts, the court sentenced Kerley and Hernandez to forty-one months in prison on Count 1, and imposed sixty month sentences for each of the latter two counts, Counts 2 and 3, to be served consecutively to the Count 1 sentence. Subsequent to the sentence, the United States Supreme Court issued its opinion in *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). As a result of the *Bailey* opinion, Kerley and Hernandez move the court to vacate the judgment and sentences regarding Counts Two and Three.

## II.

Section 924(c)(1) of Title 18 of the United States Code states: "Whoever, during and in relation to any crime of violence or drug trafficking crime ..., *uses or carries* a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years...." 18 U.S.C. § 924(c)(1) (emphasis added). As such, a defendant can be convicted for a violation of the section if he is found to either "use" or "carry" a firearm while in the commission of a drug trafficking crime. *Id.*

A defendant "uses" a firearm when he "actively employs" the firearm in the commission of the offense. *Bailey v. United States*, —— U.S. ——, ——, 116 S.Ct. 501, 505, 133 L.Ed.2d 472 (1995). "The active-employment understanding of 'use' certainly includes brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." *Id.* —— U.S. at ——, 116 S.Ct. at 508. "[E]ven an offender's reference to a firearm in his possession could satisfy § 924(c)(1)." *Id.* However, "use" does "not extend to encompass" an action "where an offender conceals a gun nearby to be at the ready for an imminent confrontation." *Id.* The definition of "carry" is distinct from the term "use"; a defendant "carries" a gun when he possesses and transports it within reasonable reach. *United States v. Baker*, 78 F.3d 1241, 1247 (7th Cir.1996). If sufficient evidence exists to convict a defendant "of the underlying drug-trafficking offense, then *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), applies and he is liable for the acts of co-conspirators in furtherance of the

conspiracy, including violations of 18 U.S.C. § 924(c)(1)." *United States v. Monroe,* 73 F.3d 129, 132 (7th Cir.1995).

## III.

The government concedes that Defendants' challenges to the Count 2 conviction are meritorious. "*Bailey* makes clear that, contrary to the jury instructions given by the ... court, it is not enough that the weapon facilitates the drug offense by emboldening the defendant." *United States v. Smith,* 80 F.3d 215, 220 (7th Cir.1996). The Count 2 gun was found concealed in a folded pair of pants placed on top of a heater inside of the garage. Thus, as the government acknowledges, neither Defendant "used" or "carried" the Count 2 gun. Accordingly, the court vacates the conviction and sentences relating to Count 2.

## IV.

Kerley and Hernandez also argue that the *Bailey* decision requires the court to vacate the Count 3 convictions and sentences. The court acknowledges that the Count 3 jury instruction is now improper in light of the *Bailey* decision. However, an erroneous jury instruction is harmless if, looking at the instructions and record as a whole, the court is convinced that a properly instructed jury would have reached the same verdict. *United States v. Williams,* 33 F.3d 876, 879 (7th Cir.1994).

After the *Bailey* decision, the Seventh Circuit Court of Appeals affirmed the vitality of the *Pinkerton* Doctrine. In *United States v. Monroe,* 73 F.3d 129, 132 (7th Cir.1995), the Seventh Circuit specifically found *Bailey* to have no effect on co-conspirator liability under 18 U.S.C. § 924(c)(1). *See also United States v. Thomas,* 86 F.3d 647, 651 n. 6 (7th Cir.1996) (holding that the defendants' argument that they did not personally use or carry any firearms to be of no relevance because the "argument ... completely ignores the Pinkerton doctrine, which makes defendants liable for the actions of their co-conspirators that were done in furtherance of the conspiracy."). If sufficient evidence exists to find one member of the conspiracy liable for the "use" or "carrying"

of a handgun in relation to a drug trafficking crime, then the *Pinkerton* Doctrine applies and all co-conspirators are also liable for the § 924(c)(1) violation. *Monroe,* 73 F.3d at 133. Thus, since the jury found Kerley and Hernandez guilty of Count 1, the conspiracy count, it follows that Kerley and Hernandez are criminally responsible for the acts of Williams.

The evidence at trial demonstrated that the Count 3 gun was tucked into the waistband of Williams' pants. The concealment of a handgun on a defendant's person is certainly a violation of § 924(c)(1); Williams "carried" the gun according to the Seventh Circuit's definition of "carry." *United States v. Smith,* 80 F.3d 215, 221 (7th Cir.1996) ("[a] defendant may be convicted for "carrying" a firearm *even if* the firearm was not found on the defendant's person"). Because Williams "carried" a gun in violation of § 924(c)(1), Kerley and Hernandez are also criminally liable for the same violation. Accordingly, since the evidence at trial left no doubt that Williams "carried" a handgun while in the commission of a drug sale, the court finds the erroneous jury instruction to be harmless, and denies Defendants' motions and affirms the Count 3 convictions and sentences.

## V.

The court vacates the Count 2 conviction and sentence as to both Kerley and Hernandez. However, the trial evidence leaves no doubt that a properly instructed jury would have found Kerley and Hernandez guilty of Count 3 since Williams clearly "carried" a handgun during and in relation to a drug trafficking offense. Accordingly, the court grants the motions in part, with regard to Count 2, and denies them as to Count 3.

IT IS SO ORDERED.