

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-14-2007

# Govt of VI v. Henry

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1280

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Govt of VI v. Henry" (2007). *2007 Decisions*. Paper 1109.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1109

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 07-1280

———

GOVERNMENT OF THE VIRGIN ISLANDS


v.


BERTIE HENRY,


*Appellant*

———

On Appeal from the District Court of the Virgin Islands,
Division of St. Croix, Appellate Division
(D.C. Crim. App. No. 2004-20)
Honorable Raymond L. Finch, Chief District Court Judge
Honorable Curtis V. Gomez, District Court Judge
Honorable Rhys S. Hodge, Superior Court Judge

———

Argued May 9, 2007


Before: SLOVITER, STAPLETON, and VAN ANTWERPEN, *Circuit Judges*.


(Filed May 14, 2007 )


Pamela Lynn Colon (Argued)
Law Offices of Pamela Lynn Colon, LLC
27 & 28 King Cross Street
Christiansted, St. Croix
USVI 00820


      *Counsel for Appellant*


Richard S. Davis (Argued)

Maureen Phelan
Office of Attorney General of Virgin Islands
Department of Justice
34-38 Kronprindsens Gade
GERS Complex, 2nd Floor
Charlotte Amalie, St. Thomas
USVI 00802

        *Counsel for Appellee*

—————

OPINION OF THE COURT

—————

VAN ANTWERPEN, *Circuit Judge*.

Appellant Bertie Henry was convicted by the Virgin Islands Superior Court on two counts of unauthorized possession of an unlicensed firearm. He appealed his conviction to the Appellate Division, which reversed the Superior Court as to one of the two counts. Before this Court, Henry argues that the evidence presented at his trial was insufficient to sustain his conviction and that the Superior Court erred in admitting some evidence against him.

The Appellate Division exercised jurisdiction under a provision of the Revised Organic Act of 1954, 48 U.S.C. § 1613a(a), and this Court has jurisdiction pursuant to 48 U.S.C. § 1613a(c). For the reasons set forth below, we will affirm.

I.

Because we write solely for the parties, we set forth only those facts necessary to our decision.

1

Around 6:00 p.m. on January 1, 2003, Appellant Bertie Henry was standing next to his truck with a few other individuals when Officers Richard White and Rolston Friday, Jr. of the Virgin Islands Police Department approached in an unmarked car. When White's and Friday's car was approximately 40 feet away from the group, the officers observed Henry throw an object into a nearby bush and flee the scene on foot. White then got out of his car and chased Henry, catching him after Henry fell, face down, in some brush. When White handcuffed Henry from behind and lifted him up, White discovered a gun on the ground where Henry had fallen. At the same time, Friday ran to the bush where he had seen Henry throw an object and discovered a second gun. The officers then arrested Henry.

On January 21, 2003, the Virgin Islands charged Henry with two counts of unauthorized possession of an unlicensed firearm in violation of 14 V.I.C § 2253(a), and on March 18, 2003, a jury convicted Henry on both counts. On January 28, 2004, the Superior Court[1] sentenced Henry to two concurrent terms of 15 years' imprisonment and ordered him to pay a $25,000 fine.

Henry appealed the conviction to the Appellate Division of the District Court of the Virgin Islands on the grounds that (1) the government failed to prove that he possessed guns, he did not have authorization to possess guns, and that the guns he

_____

[1]Henry was actually tried and sentenced by the Territorial Court. However, in October 2004, the name of this Court changed to the Superior Court, and we will refer to it as such throughout this opinion.

possessed were operable (as required by 14 V.I.C § 2253(a)) and (2) that the trial court abused its discretion in permitting the government to introduce into evidence the two guns discovered by White and Friday in light of chain-of-custody problems. On December 27, 2006, the Appellate Division rejected Henry's possession, authorization, and chain-of-custody claims, but agreed that the government had failed to offer evidence showing that one of the guns retrieved at the scene was operable (i.e., capable of discharging ammunition). Accordingly, the Court reversed Henry's conviction with respect to the count involving the gun that was not shown to be operable and affirmed his conviction with respect to the remaining gun.[2]

On January 16, 2007, Henry filed this timely appeal.

## II.

On appeal, Henry challenges his conviction on three grounds: First, he claims the government did not offer sufficient proof to satisfy the possession element of 14 V.I.C § 2253(a) because it provided no fingerprint evidence linking Henry to the guns and exclusively relied on the testimony of White and Friday to establish this link. Second, Henry claims the government failed to offer sufficient proof to establish that he was not authorized to carry weapons. Finally, Henry claims the Superior Court abused its discretion by admitting the two guns into evidence without the government having

---

[2] Because the Superior Court's sentence for the two counts are the same length and run concurrently, the District Court's reversal has no effect on the length of Henry's term of imprisonment.

established the proper chain of custody. We review each of these challenges below.

## A.

Henry first argues the government failed to establish that he actually possessed a firearm as required by 14 V.I.C § 2253(a).[3] He notes that the government's fingerprint analysis of the weapons was inconclusive and, as a consequence, the only evidence linking him to the guns is the testimony of White and Friday. This testimony, he asserts, is insufficient to prove possession beyond a reasonable doubt. We disagree.

At the outset, we note that the relevant standard for Henry's insufficient evidence claim is "particularly deferential" to the jury. *United States v. Peppers*, 302 F.3d 120, 125 (3d Cir. 2002) (internal quotation and citation omitted). We must sustain the jury's verdict "if there is substantial evidence, taking the view most favorable to the Government, to support it." *United States v. Voigt*, 89 F.3d 1050, 1080 (3d Cir. 1996) (internal quotation and citation omitted). That is, the jury's verdict must stand if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original). Overall, "a claim of insufficiency of the evidence places a very

---

[3]In relevant part, 14 V.I.C § 2253(a) provides as follows: "Whoever, unless otherwise authorized by law, has, possesses, bears, transports or carries either, actually or constructively, openly or concealed any firearm, as defined in Title 23, section 451(d) of this code, loaded or unloaded, may be arrested without a warrant, and shall be sentenced to imprisonment of not less than one year nor more than five years and shall be fined not less than $5,000 nor more than $15,000 or both the fine and imprisonment . . . ."

4

heavy burden on an appellant." *United States v. Gonzalez*, 918 F.2d 1129, 1132 (3d Cir. 1990) (internal quotation and citation omitted).

At trial, White testified that he saw Henry throw an object that "looked like a gun" into a bush and flee upon seeing the officers' unmarked car. App. at 123. Similarly, Friday testified that he saw Henry "toss[] a chrome object that appear[ed] to look like a weapon" when Henry noticed the officers. App. at 148. The officers testified consistently in nearly all other respects and did not change their stories during cross examination. A third witness from the police department's forensics unit testified that the results of a fingerprint comparison were inconclusive due to the poor condition of the latent print lifted from one of the guns.

What Henry characterizes as an argument about sufficiency of the evidence is more accurately an argument about the credibility of White and Friday as witnesses. There is no doubt that, taking the officers' testimony as true, as we must, Henry was in possession of a weapon the night he was arrested. Henry argues, however, that such testimony is insufficient to establish his guilt because either the officers were unbelievable or their testimony, standing alone, was insufficient. In either event, he is incorrect.

With respect to the officers' credibility, it is axiomatic that such determinations are the sole province of the jury. *See United States v. Jannotti*, 673 F.2d 578, 598 (3d Cir.) (en banc), *cert. denied*, 457 U.S. 1106 (1982) (holding that "[c]redibility

determinations are for the jury"). As to the whether the testimony of witnesses, standing alone, is sufficient to uphold a conviction, we have held that it is. *Compare United States v. Perez*, 280 F.3d 318, 344 (3d Cir. 2002) (holding that uncorroborated accomplice testimony may provide the exclusive basis for a criminal conviction); *Jacobs v. Redman*, 616 F.2d 1251, 1255 (3d Cir. 1980) (holding same); *see also United States v. O'Shea*, 426 F.3d 475, 481 (1st Cir. 2005) (finding testimony of police witness who saw defendant who was "a good distance" away throw a gun sufficient to support jury's determination that defendant possessed a weapon)*; United States v. Williams*, 33 F.3d 876, 878 (7th Cir. 1994) (finding testimony of police witnesses who saw defendant 20 or more feet away throw a gun as he ran from them sufficient to support jury's determination). Furthermore, Henry's assertion that fingerprint evidence is necessary to establish possession of a firearm is without support. *See United States v. Moore*, 208 F.3d 411 (2nd Cir. 2000) (finding that fingerprint evidence is not necessary to prove possession in light of other circumstantial evidence).

## B.

Henry next argues the government did not offer sufficient evidence showing that he was unauthorized to possess a weapon in the Virgin Islands. Specifically, he claims (1) the record showing the absence of an entry for Henry in the firearms register for the St. Thomas-St. John District was insufficient to establish he was not authorized to possess a weapon, (2) the Superior Court abused its discretion in admitting the absence

of entry record under Federal Rule of Evidence 803(6), and (3) the Superior Court abused its discretion in admitting the absence of entry record because the prosecution did not give proper notice to defense counsel of its intent to use the record as required by Federal Rule of Evidence 902(11).[4]

The Appellate Division did not address Henry's second and third arguments on their merits, finding that they were not properly raised. Specifically, the Court found no reference to these arguments in Henry's opening brief, and only found a reference to them in Henry's reply brief. We obtained a copy of the opening brief submitted by Henry to the Appellate Division, and found that the Appellate Division was correct in its conclusion. Accordingly, because Henry did not properly preserve these two claims for review, we will not now consider them. *See Gambino v. Morris*, 134 F.3d 156, 161 n.10 (3d Cir. 1998) (holding that we will "not consider arguments raised on appeal for the first time in a reply brief"); *Hoxworth v. Blinder, Robinson & Co., Inc.*, 903 F.2d 186, 204-05 n.29 (3d Cir. 1990) (holding same).

As to Henry's first claim, which involves the sufficiency of the record showing an absence of an entry in the firearms register for the St. Thomas-St. John District, we find it lacks merit. In his brief to the Appellate Division, Henry argued that the trial court

---

[4]The testimony of a police witness, Sergeant John Felicien, established that Henry did not have a license to possess a weapon on St. Croix, the island on which he was arrested. *See* Felicien's Testimony, App. at 177. But, the government also had to prove Henry did not have a licence from St. Thomas-St. John, as it appears that one could have such a license and legally possess a weapon on St. Croix.

refused to admit the absence of entry record from the St. Thomas-St. John District. *See* Henry's App. Div. Br. at 12. As the Appellate Division observed, however, this is not true. At a hearing on the absence of entry record (the transcript for which Henry's counsel seems to have purposefully excluded from the appendix), the Superior Court heard argument on the record and ultimately admitted it. *See* Tr. of Mar. 18, 2003, Hr'g 9.

Before this Court, Henry recasts the argument as follows: "While the Absent of Entry alone constitutes evidence of Appellant's lack of authorization to possess the subject firearm, such slight evidence is not the substantial evidence necessary for a finding of guilt beyond a reasonable doubt." Henry's Br. at 19. Ignoring the fact that Henry makes a different argument before this Court than before the Appellate Division, we find his argument fails. The record admitted by the Superior Court, made by the police custodian of all firearms records for the St. Thomas-St. John District, apparently showed that, as of January 15, 2003, Henry had never had a license to possess a weapon in that District. The admission of this record into evidence by the Court provided the jury with sufficient evidence that Henry was not authorized to possess weapons.[5]

C.

Finally, Henry argues the Superior Court erred in admitting the weapons

---

[5]We also note that the document bore the seal of the Virgin Islands Police Department, and that it was likely admissible under Fed. R. Evid. 803(10) and 902(1).

8

discovered by White and Friday because the government did not establish a proper chain of custody for the weapons such that they could be linked to Henry. In support of this contention, he cites (1) an inconsistency in the record as to who retrieved the weapons from the scene of the arrest, (2) the failure of the government to call as a witness one of the detectives who possessed the weapons at some point, and (3) the absence any information on the chain-of-custody form about the condition of the weapons retrieved. Henry did not raise this third claim before the Appellate Division, and, accordingly, we will not consider it. *See Voigt*, 89 F.3d at 1064 (explaining that "failure to raise the issue . . . on appeal constitutes a waiver")  (internal quotation and citation omitted). We review Henry's remaining two claims involving the Superior Court's evidentiary decisions for abuse of discretion. *United States v. Sokolow*, 91 F.3d 396, 401-02 (3d Cir. 1996).

In *United States v. Dent*, this Court explained as follows:

> To establish a chain of custody, the government need only show that it took reasonable precautions to preserve the evidence in its original condition, even if all possibilities of tampering are not excluded. Absent actual evidence of tampering, a trial court may presume regularity in public officials' handling of contraband. Unless the trial court clearly abused its discretion, we must uphold its decision to admit [contraband] into evidence.

149 F.3d 180, 188-89 (3d Cir. 1998) (citations omitted).

Henry first argues that the handguns could not be admitted because of conflicting testimony as to who retrieved the weapons. On direct examination, police witness White answered the following question in the affirmative when the prosecutor  probed him

9

about the weapon found where Henry had fallen: "You testified you *retrieved* that particular weapon?" App. at 126 (emphasis added). Later on direct, when asked specifically about the handling of the weapons, White seemed to testify differently:

> Q. Now, when the forensic officer arrived where was the location of the firearms?
>
> A. Both firearms were secured in the exact same place where they were.
>
> Q. So they were still in the same place?
>
> A. Yes.
>
> Q. So who retrieved the firearms?
>
> A. The forensic officer.

App. at 131. Henry claims this conflicting testimony is proof that White had possession of the guns and that the guns admitted into evidence may not have been the ones found at the scene of Henry's arrest.

In addition, Henry argues that there is a "fatal hole" in the chain of custody because one of the police officials who signed the chain of custody form, Sergeant Hitesman, did not testify at trial. *See* Chain of Custody Form, App. at 20. According to the record, Detective Luis Encarnacion retrieved the weapons from the scene. He analyzed the weapons for fingerprints and then gave them to the supervisor of the forensics unit, Sergeant Hitesman, for safekeeping in a locker. Hitesman eventually turned the weapons over to firearm examiner Gregory Bennerson for testing. At Henry's

trial, Encarnacion and Bennerson testified, but Hitesman did not. On appeal, Henry claims the government could not establish that the weapon tested by Bennerson was the same weapon given to Hitesman by Encarnacion without the testimony of Hitesman.

We conclude the Superior Court did not abuse its discretion in finding that there were no chain of custody issues that prevented the weapons from being introduced into evidence. From the record, it appears as if the prosecutor's question misconstrued White's earlier testimony and that White misspoke when he answered that question in the affirmative. Early in the prosecutor's examination, White testified that he "*saw* another weapon right where [Henry] had fallen." App. at 124 (emphasis added). The prosecutor then shifted his focus and asked White about the weapon he had seen Henry throw in the bushes. When the prosecutor eventually returned to the topic of the weapon White discovered underneath Henry, he inaccurately construed White's earlier testimony by asking him what he had *retrieved* instead of what he had *seen*. White later corrected this error when he testified in full about the handling of the weapons after discovery. Given this background and without any evidence of interference on the part of White, we do not find the alleged inconsistency in White's statements suggestive of evidence tampering. Furthermore, given that we may presume regularity in the handling of weapons by the forensics unit, we disagree with Henry that Hitesman's testimony was necessary to establish a proper chain of custody. At all times, the weapons were in the custody of forensics officials and there is no evidence these officials handled the weapons in an

11

unusual manner.

For these reasons, we agree with the District Court that the Superior Court did not abuse its discretion in this matter.

III.

We have considered all other arguments made by the parties on appeal, and conclude that no further discussion is necessary. For the foregoing reasons, we will affirm the District Court's decision in all respects.