**HECTOR LEDESMA, Appellant**
**v.**
**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**

D.C. Criminal App. No. 2004/120

District Court of the Virgin Islands

Division of St. Croix, Appellate Division

April 22, 2009

DEBRA S. WATLINGTON, ESQ., St. Thomas, USVI, *For the Defendant.*

RICHARD S. DAVIS, AAG, St. Thomas, USVI, *For the Plaintiff.*

GÓMEZ, *Chief Judge, District Court of the Virgin Islands*; FINCH, *Judge of the District Court of the Virgin Islands*; and DUNSTON, *Judge of the Superior Court of the Virgin Islands, sitting by designation.*

## MEMORANDUM OPINION

(April 22, 2009)

### I. ISSUES PRESENTED

This matter is an appeal of a jury verdict, where Appellant Hector Ledesma ("Ledesma" or "Appellant") was convicted of aggravated rape in the first degree and unlawful sexual contact. Ledesma seeks a new trial based on newly discovered evidence and argues, alternatively, that there was insufficient evidence for a jury to find him guilty beyond a reasonable doubt for the crimes alleged. To date, Ledesma has not filed a motion for a new trial below.

### II. FACTS

Hector Ledesma, an adult, and B.T., a minor, lived approximately two blocks away from one another in Estate Mon Bijou on St. Croix. On February 19, 2004, a neighbor told B.T.'s mother that her daughter was with a tall light-skinned man and not attending school. Around the same time, B.T.'s mother also discovered that Ledesma gave B.T. a cellular

phone. On February 23, 2004, after suspecting that her daughter was sexually active, B.T.'s mother made a report to the V.I. Police department, who initiated an investigation.

Shortly thereafter, B.T. was examined by Dr. Wilburt Williams who concluded that he was clinically certain that B.T. was engaged in sexual activity. On March 26, 2004, Ledesma was charged in a two-count information with aggravated rape in the first degree, in violation of V.I. CODE ANN. tit. 14, § 1700(a)(1), and unlawful sexual contact in the first degree, in violation of V.I. CODE ANN. tit 14, § 1708(2). Following a jury trial, Ledesma was convicted on both counts of the information; and on August 2, 2004, Ledesma was sentenced to fifteen years incarceration for count one and a concurrent five years sentence for count two. Ledesma did not move for a new trial. On August 2, 2004, Ledesma filed his timely notice of appeal.

On appeal, Ledesma argues that his judgment and conviction should be vacated or remanded for further consideration because B.T.'s mother signed and submitted a post-trial affidavit wherein, B.T.'s mother claims that her daughter confessed that her in-court testimony was false and that she never had sex with Ledesma. Ledesma contends that the affidavit is newly discovered evidence sufficient to warrant reversal or remand. Ledesma also argues that there was insufficient evidence presented at trial to sustain his convictions.

## III. JURISDICTION AND STANDARD OF REVIEW

This court has jurisdiction to consider judgments and orders of the Superior Court in criminal cases. Revised Organic Act § 23A, 48 U.S.C. § 1613a.[1] We review *de novo* questions of law, issues implicating rights protected under the U.S. Constitution, and the interpretation of statutes. However, we afford the more deferential clear error review to factual determinations. *See Gov't of V.I. v. Albert*, 89 F. Supp. 2d 658, 663 (D.V.I. App. Div. 2001).

■■ Ledesma did not move for a new trial below. Generally, issues raised for the first time on appeal should be rejected summarily. *Preiss v.*

---

[1]    The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1994), *reprinted in* V.I.CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 159-60 (1995 & Supp. 2003) (preceding V.I.CODE ANN. tit. 1) ["Revised Organic Act"].

*Severe*, 22 V.I. 433 (1986). Alleged errors not objected to nor brought to the attention of the trial court below may be considered on appeal only if they rise to the level of plain error. *United States v. Olano*, 507 U.S. 725, 736, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993) (internal citations omitted.); *Government of the Virgin Islands v. Grant*, 21 V.I. 20 (1984) (D.V.I. App. Div. 2001). Under the plain error standard of review, Federal Rule of Criminal Procedure 52(b) authorizes Courts of Appeals to correct only "particularly egregious errors" which "seriously affect the fairness, integrity or public reputation of judicial proceedings." *United States v. Young*, 470 U.S. 1, 15, 105 S. Ct. 1038, 84 L. Ed. 2d 1 (1985) (citations omitted); *United States v. Small*, 891 F.2d 53, 56 (1989).

## IV. DISCUSSION

### A. Motion for a New Trial

For the first time on appeal, Ledesma argues that an affidavit submitted with his brief is a recantation of the victim's testimony. The affidavit is purportedly signed by the mother of the victim. The affidavit states that B.T. told her mother that her sworn in-court testimony was untrue.

The Federal Rules of Criminal Procedure 33 sets forth clear guidelines for post-conviction motions for a new trial based on newly discovered evidence. Specifically, Rule 33(b)(1) gives the trial court authority to vacate a judgment or grant a new trial upon motion of the Defendant, filed within three years after the verdict.[2]

---

[2] Rule 33. New trial

(a) Defendant's Motion. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.
(b) Time to File.
(1) Newly Discovered Evidence. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
(2) Other Grounds. Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty.
FED. R. CRIM. P. 33.

A motion for a new trial, however, is clearly addressed to the trial judge's discretion.[3] *See* FED. R. CRIM P. 33(b); *United States v. Bujese*, 371 F.2d 120, 124-25 (3d Cir. 1967). There, the trier of fact makes requisite findings of fact and conclusions of law. In reviewing motions for a new trial, our function on appeal is solely to decide whether the trial judge abused that discretion or failed to exercise it. *See, e.g., United States v. Bujese*, 371 F.2d 120 (3d Cir. 1967); *United States v. Iannelli*, 528 F.2d 1290, 1292 (3d Cir. 1976).

■ Our jurisdiction is limited to appellate review of Superior Court judgments, orders and decisions. *See* Revised Organic Act § 23A, 48 U.S.C. § 1613a. The record reflects the Superior Court made no decision concerning the viability of the newly discovered evidence, or whether that evidence is sufficient to warrant a new trial. As such, there is no order, nor judgment, to review.

Hence, this appellate court cannot make the requisite factual findings necessary to determine whether the affidavit upon which Ledesma relies warrants remand. For example, in the absence of any factual findings from the Superior Court, we cannot determine whether the proffered affidavit is: impermissible hearsay; whether the victim's mother (who the Government alleges is predominantly Spanish-speaking) sufficiently understood the affidavit she allegedly signed; whether the affidavit was in fact signed by the victim's mother; and consequently, whether the affidavit at issue warrants remand. *Cf. Government of Virgin Islands v. Lima*, 774 F.2d 1245, 1250 (3d Cir. 1985) (holding that a motion for a new trial is addressed to the trial judge's discretion, and the scope of appellate review is whether such discretion was abused).

---

[3] Under the rule established in *United States v. Iannelli*, 528 F.2d 1290 (3d Cir. 1976), five requirements must be met before a trial court may order a new trial due to newly discovered evidence:

(a) the evidence must be in fact newly discovered, i.e., discovered since trial.

(b) facts must be alleged from which the court may infer diligence on the part of the movant;

(c) the evidence relied on must not be merely cumulative or impeaching;

(d) it must be material to the issues involved; and

(e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*Id.* at 1292.

■ Hence, where Ledesma has not filed a motion for new trial below, his request for a new trial on appeal is improper. *United States v. Adams*, 759 F.2d 1099, 1108 (3d Cir. 1985). Accordingly, because we lack jurisdiction to consider the relief Ledesma seeks, it is inappropriate for this court to determine whether the affidavit warrants a new trial, vacatur, reversal or remand.

## B. Sufficiency of the Evidence

Ledesma also argues that there was insufficient evidence to convict him of aggravated rape in the first degree or unlawful sexual contact.[4] V.I. CODE ANN. tit. 14, § 1700 governs aggravated rape in the first degree and provides in pertinent part that:

> (a) Whoever perpetrates an act of sexual intercourse or sodomy with a person not the perpetrator's spouse:
> (1) Who is under the age of thirteen. . .
> Is guilty of aggravated rape in the first degree.

*Id.*

Unlawful sexual contact in the first degree is defined as follows: "[a] person who engages in sexual contact with a person not the perpetrator's spouse . . . when the other person is under thirteen years of age . . . is guilty of unlawful sexual contact in the first degree." *See* V.I. CODE ANN. tit. 14, § 1708(2).

Ledesma posits that B.T.'s testimony was incredible, uncorroborated and contradictory and that she later recanted her statement to her mother, as per the affidavit submitted. (App. Brief 11.) As such, Ledesma concludes that a reasonable jury could not find him guilty of unlawful sexual contact or aggravated rape.[5]

---

[4] Ledesma's insufficiency of the evidence challenge to his conviction for unlawful sexual contact in the first degree is based on the same argument as his challenge to the aggravated rape conviction.

[5] The standard for a insufficient evidence claim is "particularly deferential" to the jury. *United States v. Iafelice*, 978 F.2d 92, 94 (3d Cir. 1992); *United States v. Peppers*, 302 F.3d 120, 125 (3d Cir. 2002). Thus, a Court must sustain the jury's verdict "if there is substantial evidence, taking the view most favorable to the Government, to support it." *United States v. Voigt*, 89 F.3d 1050, 1080 (3d Cir. 1996). That is, the jury's verdict must stand if *"any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

■ Credibility determinations, however, "should not be disturbed unless they are inherently incredible." *Petillo v. New Jersey*, 562 F.2d 903, 907 (3d Cir. 1977); *Virgin Islands v. Henry*, 232 Fed. Appx. 170, 174 (3d Cir. 2007). Testimony is deemed inherently incredible or improbable where it is ". . . so manifestly false that reasonable men ought not to believe it . . ." *Edwards v. Virgin Islands*, 2004 U.S. Dist. LEXIS 25110, at *11 (D.V.I. App. Div. September 17, 2004); 29A AM. JUR. § 1447. It is well settled that issues surrounding the credibility of witnesses or the weight to be afforded evidence at trial are matters left to the fact-finder, who is uniquely positioned to view a witness' demeanor and to assess credibility. *Petillo v. New Jersey*, 562 F.2d at 907; *see also Georges v. Government of the Virgin Islands*, 119 F. Supp. 2d 514, 523 (D.V.I. App. Div. 2000); *United States v. Delerme*, 8 V.I. 515, 457 F.2d 156, 160 (3d Cir. 1972).

■ B.T. testified, in great detail, to having sexual intercourse with Ledesma.[6] (J.A. 148-154.) Investigating V.I. police officer, Naomi Joseph testified that Ledesma admitted to kissing B.T. and giving her money. (J.A. II 71-73.) The jury also heard testimony from Dr. Williams, who examined B.T. and clinically determined that her hymen was not intact. (J.A. II 111.) The jury found the aforementioned testimony credible. On appeal, we will not second-guess the jury's determinations, nor do we find B.T.'s testimony so manifestly false that a reasonable jury would not believe it. *See Edwards*, 2004 U.S. Dist. LEXIS 25110, at *11. As such, we affirm Lededsma's conviction.

## V. Conclusion

For the reasons cited above, we lack jurisdiction to consider Ledesma's motion for a new trial. Additionally, sufficient evidence existed for a reasonable jury to convict Ledesma of the crimes alleged. Accordingly, we affirm Ledesma's conviction.

---

*Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (emphasis in original). Overall, "a claim of insufficiency of the evidence places a very heavy burden on an appellant." *United States v. Gonzalez*, 918 F.2d 1129, 1132 (3d Cir. 1990).

[6] *Lewis v. Gov't of the Virgin Islands*, 42 V.I. 175, 77 F. Supp. 2d 681, 684 (D.V.I. 1999) (holding that the testimony of the victim alone is sufficient for the jury to have found the defendant guilty of rape).