**UNITED STATES of America**

v.

**Robert Elia IANNELLI, a/k/a Bobby I, et al., Appellants.**

**No. 75–1876.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Dec. 8, 1975.

Decided Jan. 26, 1976.

James E. McLaughlin, McArdle, McLaughlin, Paletta & McVay, Stanton D. Levenson, Watzman, Levenson & Snyder, Melvin Schwartz, Cooper, Schwartz, Diamond & Reich, Pittsburgh, Pa., for appellants.

Blair A. Griffith, U. S. Atty., Pittsburgh, Pa., John W. Murtagh, Jr., Kenneth A. Bravo, Sp. Atty., Dept. of Justice, Pittsburgh, Pa., for appellee.

Before SEITZ, Chief Judge, and GIBBONS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

This is an appeal from an order denying without an evidentiary hearing ap-

pellants' motion for a new trial on the ground of newly discovered evidence. Fed.R.Crim.P. 33. Appellants were convicted of violations of the federal anti-gambling statute, 18 U.S.C. § 1955, and of conspiracy, 18 U.S.C. § 371. Appellant Iannelli was also convicted of violations of 18 U.S.C. §§ 1302 and 1342 (gambling offenses involving use of the United States Postal Service). The convictions were affirmed by this court [1] and by the Supreme Court.[2]

The government's case was based substantially upon evidence obtained through a court-ordered electronic surveillance. Prior to trial the defendants made a motion to suppress this evidence on the ground that the application for the court-ordered surveillance was not authorized in the manner required by 18 U.S.C. § 2516(1).[3] In *United States v. Ceraso,* 467 F.2d 647, 649–52 (3d Cir. 1972), this court held that a memorandum initialed by Attorney General John Mitchell and sent to Will Wilson, an Assistant Attorney General, was sufficient authorization. The district court, anticipating *Ceraso,* ruled in appellants' case that the initialed memorandum was sufficient. The fact that Mr. Mitchell had initialed the memorandum himself was established to the satisfaction of the district court through the deposition of Sol Lindenbaum, Mitchell's Executive Assistant, who testified that he recognized the initials as those of the Attorney General even though he did not see Mitchell place them on the document.[4] Eventually the Supreme Court approved the initialed memorandum as sufficient compliance with 18 U.S.C. § 2516(1). *United States v. Chavez,* 416 U.S. 562, 94 S.Ct. 1849, 40 L.Ed.2d 380 (1974).

---

1. *United States v. Iannelli,* 477 F.2d 999 (3d Cir. 1973).

2. *Iannelli v. United States,* 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975).

3. 18 U.S.C. § 2516(1) provides in pertinent part that:

The Attorney General, or any Assistant Attorney General specially designated by the Attorney General, may authorize an application to a Federal judge of competent jurisdiction for, and such judge may grant in

conformity with section 2518 of this chapter an order authorizing or approving the interception of wire or oral communications by the Federal Bureau of Investigation, or a Federal agency having responsibility for the investigation of the offense as to which the application is made, when such interception may provide or has provided evidence of

. . . . .

4. *See United States v. Iannelli,* 339 F.Supp. 171, 174 n. 2 (W.D.Pa.1972); Lindenbaum Deposition at 22.

After their conviction was affirmed in the Supreme Court appellants filed a motion for a new trial, alleging that they had newly discovered evidence that the initials on the authorization memorandum were not those of John Mitchell. The moving papers disclosed that on October 1, 1974 the defendants submitted a photocopy of the authorization memoranda, plus the photocopies of similar memoranda from other cases, to a handwriting expert at the Georgetown University Institute of Criminal Law and Procedure, Forensic Science Laboratory, and that the expert was of the opinion that the initials on the authorization memorandum were not Mitchell's. (App. at 3). The appellants requested an evidentiary hearing respecting the authenticity of the initials.

The district court, without holding an evidentiary hearing, but on the basis of an examination of the trial record, denied the motion for a new trial because: (1) assuming the initials on the authorization memorandum were not those of Mitchell, appellants' counsel could with due diligence have discovered this fact prior to the first trial; and (2) the evidence would at best impeach Lindenbaum's deposition testimony.

Because we conclude that the district court acted within the range of discretion entrusted to it on a Rule 33 motion, we affirm. But because we are concerned about the court's obligation to insist on strict compliance with 18 U.S.C. § 2516(1), we note that our affirmance is without prejudice to an application to the district court for relief under 28 U.S.C. § 2255.[5]

The sole evidence of compliance with § 2516(1) in this record is Sol Lindenbaum's deposition in which he gives a nonexpert opinion that the initials are those of John Mitchell. Since he was familiar with Mitchell's initials his opinion was competent evidence. In their motion for a new trial the appellants have tendered testimony, though not an affidavit, by an un-named handwriting expert offering a contrary opinion. Lindenbaum's lay opinion might well be outweighed by that of a well-qualified expert able to make a convincing demonstration of the reasons for his contrary opinion. However, Rule 33 motions for a new trial are directed to the trial court's discretion, and our function on appeal is to decide whether the trial judge abused that discretion or failed to exercise it. See, e. g., United States v. Bujese, 371 F.2d 120 (3d Cir. 1967). Generally five requirements must be met before a district court will order a new trial on the ground of newly discovered evidence:

(a) the evidence must be in fact, newly discovered, i. e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on, must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

---

5. 28 U.S.C. § 2255 provides in relevant part that:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion for such relief may be made at any time. The Supreme Court in Davis v. United States, 417 U.S. 333, 342–46, 94 S.Ct. 2298, 2304, 2305, 41 L.Ed.2d 109 (1974), held that a claim of error grounded in "the laws of the United States" rather than the Constitution is cognizable under § 2255 provided "the claimed error . . . was a 'fundamental defect which inherently results in a complete miscarriage of justice' . . . and present[s] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." [Quoting from Hill v. United States, 368 U.S. 424, 428–29, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)]. This test could be met by appellants' claimed error in this case. See United States v. Consiglio, 391 F.Supp. 564, 570 (D.Conn.1975).

*United States v. Howell,* 240 F.2d 149, 159 (3d Cir. 1956). *Accord, United States v. Meyers,* 484 F.2d 113 (3d Cir. 1973); *United States v. Bertone,* 249 F.2d 156, 160 (3d Cir. 1957); *United States v. Nigro,* 253 F.2d 587 (3d Cir. 1958).

■ Appellants have failed to satisfy at least two of these requirements. First, the "newly discovered evidence" was in fact not newly discovered because the forgery of Mitchell's initials, if in fact they were forged, could have been discovered at the time of the trial by subjecting the initials to expert handwriting analysis. Certainly the matter of proper authorization was warmly contested.[6] Secondly, appellants do not allege any facts from which the court can excuse their lack of diligence in pursuing this avenue of inquiry prior to the trial. Thus in denying the Rule 33 motion the district court acted in compliance with existing caselaw. We cannot hold that there was an abuse of discretion.

■ Certainly if this newly discovered evidence bore on an issue in the case other than the legality of the authorization for electronic surveillance we would end the inquiry at this point. There are, however, additional considerations. While a violation of 18 U.S.C. § 2516(1) involves an illegal invasion of defendants' privacy, it also involves misconduct of public officials. It involves, moreover, a type of misconduct with respect to which the courts, under the statutory scheme outlined in the wiretap statute,

have been given specific responsibilities. *See United States v. Giordano,* 416 U.S. 505, 94 S.Ct. 1820, 40 L.Ed.2d 341 (1974).

In this case, unlike *United States v. Chavez, supra,* and *United States v. Ceraso, supra,* there is no affidavit from John N. Mitchell personally identifying his initials.[7] At least two cases have found that initials on memoranda similar to those involved in this case, purporting to be those of John N. Mitchell, were in fact placed there by persons other than him. *See United States v. Crabtree,* 507 F.2d 1230, 1231 (5th Cir. 1975) (per curiam); *United States v. Grosso,* Criminal No. 72–102 (W.D.Pa., August 17, 1973). The procedure followed within the Justice Department about the time the instant application was disclosed is set forth in an affidavit by Attorney General Mitchell in *United States v. Ceraso,* 467 F.2d at 650–51 n. 7. That procedure certainly leaves room for the possibility that Lindenbaum may have been mistaken in his identification of Mitchell's initials. If he was, the statute was violated, the evidence resulting from the wiretap should have been suppressed, and the defendants have been sentenced in violation of the laws of the United States. *See, e. g., United States v. Giordano, supra; Gelbard v. United States,* 408 U.S. 41, 46, 92 S.Ct. 2357, 33 L.Ed.2d 179 (1972).

In *United States v. Consiglio,* 391 F.Supp. 564 (D.Conn.1975), Judge Blumenfeld considered a closely analogous case. A pretrial motion to suppress for non-compliance with 18 U.S.C. § 2516(1)

---

6. 339 F.Supp. at 174.

7. The following affidavit by Attorney General Mitchell was submitted in *United States v. Chavez:*

"John N. Mitchell, being duly sworn, deposes and says:

I held the office of Attorney General of the United States from January 21, 1969, through March 1, 1972.

On February 18, 1971, I approved a request for authority to apply for an interception order in this case and personally initialed a memorandum of that date reflecting my favorable action on the request. I have.

examined the original of this memorandum and certify that it bears my initials which were personally affixed by me on February 18, 1971. Attached is a copy of my personally initialed memorandum of that oath reflecting my favorable action on the request.

My memorandum of approval in this case constituted a notification to the Assistant Attorney General of the Criminal Division that the discretionary action of approving the request to make application to the court for an interception order was taken by me."
*United States v. Chavez,* 478 F.2d 512, 514 (9th Cir. 1973). *See also United States v. Schaefer,* 510 F.2d 1307 (8th Cir. 1975).

was denied on the basis of a Lindenbaum affidavit. Reserving the right to appeal on the question of compliance the defendants pleaded *nolo contendere.* The Second Circuit affirmed and the Supreme Court denied certiorari. Thereafter the defendants made a motion pursuant to Rule 33 which called to the court's attention the same expert opinion upon which the defendants in this case rely. Judge Blumenfeld noted that a Rule 33 motion was unavailable because the judgments were entered after *nolo contendere* pleas—not after trial. He concluded, however, that the application should be treated as a motion for relief under 28 U.S.C. § 2255. He held an evidentiary hearing, and having considered the testimony of the handwriting expert, rejected it. 391 F.Supp. at 570–72.

In this case a Rule 33 motion was proper, but we cannot say that as the motion was presented it required that the district court hold an evidentiary hearing. Nevertheless, in view of the significant public policy favoring strict compliance with 18 U.S.C. § 2516(1), and the independent obligation of the courts to enforce that public policy, we think the course followed by Judge Blumenfeld, which permitted a full development of the facts, was a proper and even a preferable procedure to that utilized by the district court in the present case.

The order denying a new trial on the ground of newly discovered evidence is affirmed, but without prejudice to a motion for relief under 28 U.S.C. § 2255.