

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-12-2007

# USA v. Thornton

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4585

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Thornton" (2007). *2007 Decisions.* Paper 82.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/82

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4585

UNITED STATES OF AMERICA

v.

THOMAS THORNTON,
Appellant

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 05-cr-00387)
District Judge:  Honorable Thomas M. Hardiman

Submitted Under Third Circuit LAR 34.1(a)
November 2, 2007

Before:  RENDELL, WEIS and NYGAARD, Circuit Judges

(Filed  December 12, 2007 )

OPINION OF THE COURT

RENDELL, *Circuit Judge.*

Appellant Thomas Thornton ("Thornton") appeals the District Court's denial of his

motion for a new trial based upon newly discovered evidence under Federal Rule of

Criminal Procedure 33.  He requests that his conviction be vacated and that this matter be

remanded for a new trial.  Alternatively, Thornton aks that this matter be remanded for a

hearing on the motion for a new trial.  For the reasons stated below, we will affirm.

## DISCUSSION[1]

This case involves a conviction following a bench trial for possession of a firearm

by a convicted felon, in violation of 18 U.S.C. 922(g)(1).  After a 911 call reporting a

robbery, the police conducted a traffic stop of a vehicle, which matched the description of

the vehicle involved in the robbery.  They observed the front seat passenger (Thornton)

dip his shoulder and later discovered a handgun under the front passenger seat.  Based on

the testimony of eyewitnesses, including police officers who claimed to have seen

Thornton in actual or constructive possession of a handgun before, during, and after the

robbery, the District Court found Thornton guilty of possession of a firearm by a

convicted felon.  Shortly after the trial, Thornton moved for a new trial under Federal

Rule of Criminal Procedure 33 on the basis of newly discovered evidence, namely a

Computer-Aided Dispatch (CAD) report of the 911 call describing the events surrounding

the robbery.  Thornton argued that the evidence regarding the 911 call, not previously

available to him, contradicted the testimony of several witnesses who testified at trial.

The District Court denied the motion, and Thornton appealed to this Court.

---

[1] As we write for the benefit of the parties alone, we need not undergo a lengthy recitation of the facts.

2

We review the District Court's denial for an abuse of discretion.[2]  *United States v. Jasin*, 280 F.3d 355, 360 (3d Cir. 2002).  To show an abuse of discretion, Thornton "must show the district court's action was 'arbitrary, fanciful[,] or clearly unreasonable.'" *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 412 (3d Cir.2002) (quoting *Stich v. United States*, 730 F.2d 115, 118 (3d Cir.1984)).  We will not disturb a trial court's exercise of discretion unless "no reasonable person would adopt the district court's view." *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir.2000).

In interpreting Rule 33, this Court has held that a district court may grant a new trial based on newly discovered evidence only if five requirements are met:

> (a) the evidence must be in fact, newly discovered, i.e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on, must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*United States v. Iannelli*, 528 F.2d 1290, 1292 (3d Cir. 1976).  Although the decision to grant or deny a motion for a new trial lies within the discretion of the district court, the movant has a "heavy burden" of proving each of these requirements.  *United States v.*

---

[2]Thornton notes in his brief that if a motion for a new trial is based on a *Brady v. Maryland* violation, a district court's conclusions of law are reviewed de novo and the findings of fact are subject to a clearly erroneous review standard. *United States v. Perdomo*, 929 F.2d 967, 969 (3d Cir. 1991).  Because Thornton (1) failed to raise *Brady* before the District Court and (2) presents no evidence that the CAD information was known to the Government at any time prior to his trial, we review Thornton's claims outside the *Brady* context.

3

*Saada*, 212 F.3d 210, 216 (3d Cir. 2000). The failure of one element is a sufficient basis to deny a motion for a new trial. *Jasin*, 280 F.3d at 365.

Here, the District Court found that the newly discovered evidence would not probably produce an acquittal *and* that Thornton could have discovered the evidence through due diligence. As to the first point, the District Court reasoned that the information in the CAD report would have only aided attempts to impeach the government witnesses who testified regarding the robbery itself, for which Thornton was not charged, rather than those who testified that they observed Thornton's possession of a firearm during the subsequent vehicle stop. Thus, while the CAD report might have provided Thornton with additional modicum of impeachment material, we cannot conclude that such evidence would probably produce an acquittal.[3]

As to the issue of due diligence, the District Court observed that Thornton had hired a private investigator to obtain the relevant 911 audio recording and found that it no longer existed. The District Court concluded that once Thornton and his attorney learned that the 911 audio recording was no longer available, they "reasonably could have asked . . . whether CAD reports were available instead. The fact that 911 operating centers track calls in the form of CAD reports or otherwise could have been discovered through due

---

[3]We note further that because the evidence upon which a defendant bases his motion for a new trial "must not be merely cumulative or *impeaching*," *Cimera*, 459 F.3d at 458 (emphasis added), Thornton's motion independently fails to satisfy the third prong of the *Cimera* analysis in addition to those prongs identified by the District Court.

4

diligence." *United States v. Thornton*, No. 2:05-CR-0387, 2006 WL 2987747, at *2 (W.D. Pa. Oct. 17, 2006).  We find no error in this reasoning and thus no abuse of discretion.

Finally, we find no error in District Court's decision to deny Thornton's motion for a new trial without first holding a hearing.  *See United States v. Gilsenan*, 949 F.2d 90, 97 (3d Cir. 1991) (holding that "a hearing need not be held at the behest of a party whose allegations if established would not entitle it to relief").  Thornton attached as exhibits to his motion the portions of the CAD report he planned to use and did not identify any witness whose testimony would have aided the Court's reading of the report. Accordingly, it was within the District Court's discretion to entertain Thornton's motion on the pleadings alone.

## CONCLUSION

For the reasons set forth above, we will AFFIRM the District Court on all grounds.