

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-1-2008

# USA v. Lowery

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2709

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Lowery" (2008). *2008 Decisions*. Paper 424.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/424

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-297                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2709
_____

UNITED STATES OF AMERICA,
                                                            Appellant

v.

WILLIAM LOWERY

_____

On Appeal from the United States District Court
for the Easter District of Pennsylvania
(D.C. Crim No. 04-cr-00814)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 25, 2008
Before: SLOVITER, FISHER and HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  October 1, 2008)
_____

OPINION
_____

PER CURIAM

     In September 2006, the District Court for the Eastern District of Pennsylvania

sentenced Lowery to seventy-two months in prison after a jury convicted him of one

count of possession of a firearm by a felon.  We affirmed Lowery's conviction and

sentence in February 2008.  See United States v. Lowery, 265 Fed. Appx. 111 (3d Cir. 2008).  In May 2008, Lowery filed a pro se motion pursuant to Federal Rule of Criminal Procedure 33, based on a claim of newly discovered evidence.  The District Court denied the motion, and Lowery filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's order for an abuse of discretion.  See United States v. Kelly, 539 F.3d 172, 181 (3d Cir. 2008). The test we apply to determine whether to grant a new trial based on newly discovered evidence has five parts:

> (a) the evidence must be[,] in fact, newly discovered, i.e., discovered since trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) evidence relied on[ ] must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

United States v. Jasin, 280 F.3d 355, 361 (3d Cir. 2002) (quoting United States v. Iannelli, 528 F.2d 1290, 1292 (3d Cir. 1976)).

Lowery was arrested after his state parole agent, Harry Gaab, discovered a firearm under a mattress at 301 Linden Avenue, North Hills, Pennsylvania, a home that was leased to Lowery's girlfriend through the Montgomery County Housing Authority.  In his motion for a new trial, Lowery argued that the search of 301 Linden Avenue was illegal because that home was not his "approved" residence.  The purportedly new evidence consisted of two documents:  (1) a lease termination notice from the Montgomery County Housing Authority to Lowery's girlfriend, indicating that Lowery's arrest violated the

2

terms of her lease; and (2) a letter from the Montgomery County Housing Authority to Lowery, stating that "[h]ousing will be denied if an Applicant is or has been engaged in Violent and/or Drug related activity for a minimum of 5 years" and that "[a]pplicant[s] must be off Parole/Probation at least one full year without incident." Lowery contends that his ineligibility for public housing, as evidenced by these documents, demonstrates that Gaab falsely testified that he had followed proper procedures in approving 301 Linden Avenue as an acceptable residence. According to Lowery, 301 Linden Avenue could never have been an "approved" residence because Housing Authority rules prohibited him from living there.

Even if Lowery's evidence could be considered "newly discovered" within the meaning of Rule 33 (which we doubt), it is clear that he has failed to show that it would probably produce an acquittal. Notably, Lowery cites no authority for two propositions central to his claim, namely, that 301 Linden Avenue could not have been approved as an acceptable residence because it was leased through the Housing Authority and that only an "approved" residence may be legally searched by parole agents. Thus, the District Court did not abuse its discretion in denying Lowery's Rule 33 motion.

For the above reasons, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6.