**UNITED STATES of America**

v.

**Gary LEE, a/k/a General, Gary Lee, Appellant.**

**No. 09–1305.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 22, 2009.

Opinion filed: Sept. 24, 2009.

---

Constance M. Bowden, Esq., Robert L. Eberhardt, Esq., Laura S. Irwin, Esq., Office of the United States Attorney, Pittsburgh, PA, for United States of America.

Gary Lee, Loretto, PA, pro se.

Before: RENDELL, FUENTES and ALDISERT, Circuit Judges.

## OPINION

PER CURIAM.

In March of 2003, a grand jury in the Western District of Pennsylvania returned a superseding indictment against appellant Gary Lee, Omari Patton, and 21 other individuals. In pertinent part, Count One charged that from 1998 until April 18, 2002, Lee, Patton, and others conspired to distribute more than five kilograms of cocaine, more than one kilogram of heroin, and more than fifty grams of crack cocaine in violation of 21 U.S.C. § 846. Count Fifteen charged Lee with possession with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1). In late 2004, Lee, along with Patton, proceeded to trial. The Government filed an Information giving notice of its intent to seek an increased penalty under 21 U.S.C. § 851.[1] The jury returned a verdict of guilty as against Lee on both counts. On February 22, 2005, the District Court sentenced Lee to a term of imprisonment of 240 months, to be followed by a five-year term of supervised release. Lee timely appealed.

On April 10, 2007, and while his direct appeal was pending in this Court, Lee filed a motion for a new trial pursuant to criminal Rule 33.[2] On September 5, 2008, we

---

1. Section 851 of title 21 provides in pertinent part:

    (a) Information filed by United States Attorney

    (1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. . . .

    21 U.S.C. 851(a)(1).

2. Rule 33 provides:

    (a) **Defendant's Motion.** Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.

    (b) **Time to File.**

    (1) **Newly Discovered Evidence.** Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not

affirmed Lee's judgment of conviction and sentence in *United States v. Patton*, 292 Fed.Appx. 159 (3d Cir.2008). Following issuance of the mandate, the District Court denied Lee's Rule 33 motion, *see* Federal Rule of Criminal Procedure 33(b)(1) (noting that if appeal is pending when motion for new trial is filed, "the court may not grant a motion for a new trial until the appellate court remands the case"). Lee appeals.

We will affirm. We have jurisdiction under 28 U.S.C. § 1291. Our standard of review for the denial of a Rule 33 motion is abuse of discretion. *United States v. Iannelli*, 528 F.2d 1290, 1292 (3d Cir.1976). To win a new trial on the basis of newly discovered evidence, a defendant must meet these requirements: (1) the evidence must be newly discovered, that is, discovered since the trial; (2) the defendant must have been diligent in discovering the new facts; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material to the issues involved; and (e) the evidence must be such that, in a new trial, it would probably produce an acquittal. *See id.*; *United States v. Adams*, 759 F.2d 1099, 1108 (3d Cir.1985).

Lee was a member of a large-scale drug conspiracy based in Pittsburgh, with ties to New Jersey, New York and Georgia. Government witness Edward Myrick was associated with Lee and developed a source of cocaine in Georgia and that source supplied the conspiracy with hundreds of kilograms of cocaine. In addition to his dealings with Lee and his co-conspirators, Myrick dealt cocaine with Terrance Cole, another Pittsburgher. In April of 2002, a grand jury in the Western District of Pennsylvania returned an indictment against Myrick and others. One month later, Myrick pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin and 5 kilograms or more of cocaine. In October of 2002, the District Court sentenced Myrick to a term of imprisonment of 188 months. In exchange, Myrick became a key witness in the Government's case against Lee in D.C.Crim. No. 02–cr–00093, and Terrance Cole in D.C.Crim. No. 04–cr–00109.

At his November 2004 trial, Lee premised his defense on the credibility of the Government's witnesses, in that they had made deals with the Government. Lee sought to establish this defense through the cross-examination of Myrick, among others. Under direct examination by the Government, Myrick admitted that he was currently incarcerated as a result of his conviction for conspiracy to possess with intent to distribute a controlled substance. *See N.T.*, 11/12/04, at 23. He told the jury that, as a result of that conviction, he had received a sentence of 188 months. *Id.* He then admitted that he had a plea agreement with the United States in which he agreed to cooperate with the Government in exchange for a reduced sentence. *Id.* at 23–24. Lee's counsel then cross-examined Myrick and got him to admit that, because he was charged with dealing in excess of five kilograms of cocaine, he was facing a mandatory ten years in jail, and, because he had a prior felony drug conviction, that mandatory minimum of ten years would be doubled to twenty years. *Id.* at 103–04. After obtaining Myrick's agreement that he would have qualified as a career offender, *id.* at 104, Lee's counsel got Myrick to admit that he could have been sentenced

grant a motion for a new trial until the appellate court remands the case.

**(2) Other Grounds.** Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty.

Fed. R.Crim. Pro. 33 (2008).

to 262 to 327 months imprisonment, *id.* at 105. He asked, "So you got a break from 262 to 327 down to 188 already, right?," and Myrick answered, "Yes." *Id.* at 106.

In February of 2005, Cole and one co-defendant proceeded to trial. Myrick also testified at this trial. After a five-week trial, the jury convicted the co-defendant but, with regard to Cole, the jury was unable to reach a verdict. Cole's second trial, conducted in the Fall of 2005, ended in a guilty verdict. (Myrick also testified at this trial.) In the first trial, Myrick told the jury that he was serving a sentence of 188 months in a federal prison, following a guilty plea to conspiracy to distribute cocaine. *See N.T.*, 3/3/05, at 88–90. Explaining that he had entered into a plea agreement with respect to a drug conspiracy, Myrick told the jury that he had agreed to fully cooperate with the Government in the hope that he might receive a sentence reduction. *Id.* at 89. Myrick also testified that the plea agreement contained a stipulation that the amount of drugs involved in his offense was 50 to 150 kilograms of cocaine. *Id.* at 90–91. On cross-examination, Cole's counsel got Myrick to repeat that the Government was going to, or had, limited his participation in the conspiracy to 50 to 150 kilograms of cocaine and no heroin. *Id.* at 145.

In his Rule 33 motion, Lee argued that Myrick's testimony at Cole's first trial constituted newly discovered evidence relevant to his trial. Specifically, he claimed that he did not know, until Myrick was cross-examined at Cole's trial, that the Government had decided not to file a motion for an enhancement based on Myrick's prior conviction, *see* 21 U.S.C. § 851. In rejecting this claim as meritless, the District Court concluded, after reviewing the transcript, that Lee and his counsel were well aware of Myrick's prior drug conviction and the fact that the Government had chosen not to file an Information for an enhancement based on that prior conviction. Therefore, the evidence was not new.

Lee also contended that the cross-examination of Myrick at the Cole trial demonstrated that Myrick lied in Lee's trial when testifying about promises made to him by the Government. The District Court rejected this claim as meritless, observing that, in Lee's trial, Myrick admitted that he had a prior drug conviction, the Government could have doubled his mandatory sentence based on that prior conviction, he was a career offender whose sentence could have been in a substantially harsher advisory guideline range, he expected the Government to file a motion to further reduce his sentence, and he got a deal from Atlanta authorities who promised not to prosecute him, and Myrick's cross-examination at the Cole trial was essentially and materially the same. It thus did not constitute newly discovered evidence.[3]

■ On appeal, Lee has contended that he did not know, until Myrick testified at the first Cole trial, that the Government stipulated with Myrick to a low drug

---

**3.** The District Court also addressed an additional piece of "new" evidence. During the Cole trial, Cole's defense counsel questioned Myrick about the conspiracy count to which he had pleaded guilty, which according to counsel, included an allegation that there were eleven deaths associated with the heroin part of the conspiracy, and that by pleading guilty to a conspiracy involving only cocaine, Myrick was avoiding a mandatory life sen-

tence. Since the relevant indictment made no mention of a heroin conspiracy causing death, the District Court concluded that Cole's defense counsel's mistaken characterization of the conspiracy charge was not material evidence capable of producing an acquittal in a new trial. Lee has not pursued this issue in his brief on appeal and we thus consider it waived. *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir.1993).

amount—50 to 150 kilograms of cocaine—for sentencing purposes, with no reference to any amount of heroin or to an enhancement for a prior conviction under 21 U.S.C. § 851, and thus that the Government had promised Myrick a particular sentence lower than the 240–month mandatory minimum. *See* Appellant's Informal Brief, at 3. According to Lee, Myrick's testimony on this point at the Cole trial rendered false his testimony at Lee's trial that no particular sentence had been promised to him. Furthermore, the Government withheld information concerning the low drug amount stipulation in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

We have reviewed Myrick's testimony at both trials and conclude that the District Court properly exercised its discretion not to grant a new trial under Rule 33. Although we doubt whether the evidence is really new, *see* Appellee's Brief, at 27–30, the stipulated drug amount does not have the capacity to produce an acquittal. Lee's defense counsel thoroughly attacked Myrick's credibility on cross-examination by questioning him about his expectation, and achievement, of a reduced sentence as a result of his cooperation with the Government. The jury heard ample evidence of a possible motive to falsely implicate Lee. The stipulated drug amount would have added little to the cross-examination, and, in fact, Lee's counsel may reasonably have chosen to focus on the sentence reduction of 74 to 139 months that Myrick actually received as a result of his cooperation, *N.T.,* 11/12/04, at 105–06, in driving home, in a more concrete way than a drug amount would, the benefit to Myrick of his bargain with the Government. *Cf.* Appellee's Brief, at 28. In addition, the record plainly supports the District Court's conclusion that Lee and his defense counsel were aware of Myrick's prior drug conviction and the Government's choice not to file an Information under section 851(a)(1),

and they made use of it at Lee's trial. *See id.* at 103–04. We also agree with the District Court that Myrick's cross-examination in the Cole trial was materially and essentially the same and did not constitute newly discovered evidence.

■ Lee continues that the Government's failure to disclose the details of the low drug amount stipulation amounted to a *Brady* violation. To establish a violation of due process under *Brady,* 373 U.S. 83, 83 S.Ct. 1194, a defendant must show not only that the evidence was suppressed, but also that it was material and favorable. *Id.* at 87, 83 S.Ct. 1194. Evidence is material if there is "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). The question is whether, in the absence of the evidence, the defendant "received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Kyles v. Whitley,* 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). Again, even assuming that the stipulated drug amount was withheld, Lee's trial was not rendered unfair by its absence, in view of his counsel's thorough cross-examination of Myrick on the subject of Myrick's achievement of a significantly reduced sentence in exchange for his cooperation. Although evidence affecting a witness's credibility can be material to guilt or innocence, *see United States v. Biberfeld,* 957 F.2d 98, 103 (3d Cir.1992), with Myrick's direct and cross-examination, Lee's jury was aware that Myrick received a significant sentencing benefit from his cooperation deal with the Government. Accordingly, there was no due process violation.

For the foregoing reasons, we will affirm the order of the District Court denying the Rule 33 motion for a new trial.

Appellant's motion for appointment of counsel on appeal is denied.