**CLD-071**                                                             NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4196
_____

UNITED STATES OF AMERICA

v.

ANTOINE NORMAN
a/k/a ANT

Antoine Norman,
                                              Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-06-cr-00377-004)
District Judge:  Honorable R. Barclay Surrick

_____

Submitted for Possible Dismissal due to Untimely Filing of the Notice of Appeal
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 22, 2011

Before:  RENDELL, HARDIMAN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 23, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

    Antoine Norman appeals the denial of his Fed. R. Crim. P. 33 motion for a new

trial.  We will affirm.

As we write primarily for the parties, and as Norman's direct appeal is currently pending before a Panel of this Court,[1] we need not engage in a lengthy recitation of the facts. Norman, a federal prisoner serving a sentence of incarceration at FCI Fort Dix, moved for a new trial on September 3, 2010. He alleged that Postal Inspector Khary Freeland testified inconsistently and falsely when he said that he participated in a November 8, 2005 search of Rah's Fashion Boutique—an inconsistency revealed by comparing Inspector Freeland's grand-jury testimony with the trial testimony of FBI Agent Andrew Rixham.[2] Norman charged that "[a]t no juncture of the pre-trial or trial proceedings did the prosecution disclose information to any of the defense counsel that Inspector Freeland had testified untruthfully at the Grand Jury proceedings," which had the effect of "depriv[ing him] of his constitutional right to a fair trial." If "evidence of Inspector Freeland's prior fallaciousness under oath had been disclosed, such information would have provided defense counsel with an extremely more effective means by which to question the reliability of the summaries and charts prepared by Inspector Freeland and enabled counsel to further argue . . . the prior dishonesty of the Inspector," who played an "integral role" in the Government's case and in gathering its evidence.

---

[1] See C.A. Nos. 08-1658 and 08-3876.

[2] We observe that the trial testimony attached by Norman to his motion does not appear to be from Norman's own trial, but from an otherwise-unrelated trial against one of his codefendents, Akintunde Crawford. See E.D. Pa. Crim. No. 06-234; see also Gov't's Resp. 3, E.D. Pa. Crim. No. 06–377–4 ECF No. 410.

The District Court denied the motion on the merits,[3] determining that Norman could not "establish several of the factors in the Third Circuit's five[-]factor test" for Rule 33 relief. United States v. Norman, No. 06–377–4, 2011 WL 5022828, at *2 (E.D. Pa. Oct. 18, 2011).[4] Specifically, Norman failed to show that the "new" evidence was not "cumulative or impeaching," that the evidence was material, or that the evidence would be likely to produce an acquittal. Id. at *2–3. Norman filed an untimely notice of appeal, in which he claimed to have received the District Court's order on October 25, 2011.

We have jurisdiction under 28 U.S.C. § 1291.[5] Our review of the denial of a

---

[3] Fed. R. Crim. P. 33(b)(1) provides that a District Court "may not grant a motion for a new trial" if an appeal is pending. However, a District Court *may* deny the motion on the merits, even if the notice of appeal has already been filed. See United States v. Cronic, 466 U.S. 648, 667 n.42 (1984); Gov't of V.I. v. Joseph, 685 F.2d 857, 863 n.3 (3d Cir. 1982); see also United States v. Graciani, 61 F.3d 70, 77 (1st Cir. 1995) (describing process of District Court adjudication of Rule 33 motions when appeal is pending).

[4] "(a) [T]he evidence must be in fact, newly discovered, i.e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on, must not be merely cumulative or impeaching; (d) it must be material to the issues involved; *and* (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal." United States v. Iannelli, 528 F.2d 1290, 1292 (3d Cir. 1976) (emphasis added). As the test is conjunctive, failure to satisfy a single prong "is a sufficient basis to deny a motion for a new trial." United States v. Jasin, 280 F.3d 355, 365 (3d Cir. 2002).

[5] Fed. R. App. P. 4(b) is not jurisdictional, so Norman's untimely filing of his notice of appeal (assuming arguendo that he is unable to show entitlement to tolling under one of the various applicable rules) does not deprive us of the power to review. See Gov't of V.I. v. Martinez, 620 F.3d 321, 328 (3d Cir. 2010). Thus, much as the District Court was able to reach the merits of the Fed. R. Crim. P. 33 motion in order to deny it, we may evaluate the merit of this appeal without first deciding the issue of timeliness. Cf.

3

motion for a new trial is for abuse of discretion, bearing in mind that such motions are not favored and should be granted in exceptional cases only. United States v. Silveus, 542 F.3d 993, 1005 (3d Cir. 2008) (citations omitted). A District Court abuses its discretion when "its decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." United States v. Brown, 595 F.3d 498, 511 (3d Cir. 2010) (quoting Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002)).

Upon review of the record, we determine that the District Court did not abuse its discretion in finding Norman's new-trial motion to be inadequate. We agree with its application of our five-factor test, and for substantially the same reasons it identified below, we conclude that the motion fails the materiality, impeachment, and acquittal bars. Therefore, as this appeal presents no substantial question, we will summarily affirm the District Court's judgment. Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

Knapper v. Bankers Trust Co. (In re Knapper), 407 F.3d 573, 580 n.15 (3d Cir. 2005) (court must determine jurisdictional issues before reaching the merits).

4