CLD-120                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2662
_____

UNITED STATES OF AMERICA

v.

JAMILA DAVIS,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 05-cr-00482-001)
District Judge:  Honorable Jose L. Linares

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 14, 2013

Before:  RENDELL, JORDAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 27, 2013)
_____

OPINION
_____

PER CURIAM

    Jamila Davis appeals the District Court's order denying her motion for a new trial

filed pursuant to Rule 33 of the Federal Rules of Criminal Procedure.  For the reasons

below, we will summarily affirm the District Court's order.

In September 2007, Davis was convicted of seven counts of bank fraud. We affirmed her sentence and conviction on appeal. See United States v. Rickard, 336 F. App'x 235 (3d Cir. 2009). In 2010, Davis filed a motion for a new trial. The District Court denied the motion, and Davis filed a notice of appeal and a motion pursuant to Fed. R. Civ. P. 59(e). After the District Court denied the Rule 59(e) motion, Davis filed an amended notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291, and we review the District Court's order for an abuse of discretion. United States v. Brennan, 326 F.3d 176, 189 (3d Cir. 2003). The test we apply to determine whether to grant a new trial based on newly discovered evidence has five parts:

> (a) the evidence must be[,] in fact, newly discovered, i.e., discovered since trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) evidence relied on[ ] must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

United States v. Jasin, 280 F.3d 355, 361 (3d Cir. 2002) quoting United States v. Iannelli, 528 F.2d 1290, 1292 (3d Cir. 1976)).

As part of the fraud scheme, Davis and her co-conspirators bought seven properties but applied for and received mortgages for amounts much beyond the selling price, e.g. for a home bought for $3.8 million, they obtained a mortgage of $5.9 million. Davis provided the banks with false information regarding the income, assets, and occupations of straw buyers for the properties at issue. Bank employees testified that

2

they would not have made the loans had they known that the information provided was false. Davis was sentenced as an organizer because she identified the properties, obtained false documents in support of the mortgage applications, created corporations for false employment information, and determined the inflated purchase prices for the properties. She also recruited straw buyers and other co-conspirators to the scheme. See Rickard, 336 F. App'x at 242, 244.

In her motion for a new trial, Davis argued that Lehman Brothers, one of the banks that was a victim of the scheme, was involved in fraudulent conduct itself and knew about and encouraged false mortgage applications. She contended that had the jury known this, she would have been acquitted of bank fraud.

The District Court determined that Davis's motion did not meet any of the five requirements for granting a new trial. It concluded that the evidence was not newly discovered because Davis had prior knowledge of the bank's allegedly fraudulent business practices. It noted that these business practices were the reason she picked the bank for her scheme and that she incorporated these business practices into her defense. As for the diligence prong, the District Court noted that Davis had over eighteen months between indictment and trial to perform due diligence and could have requested more time. With respect to the third prong of the test, the District Court concluded that whether Lehman Brothers acted fraudulently with respect to subprime mortgages was unrelated to Davis' criminal conduct of submitting false applications for non-subprime mortgages. As for whether the purported new evidence was material, the District Court

3

observed that David did not offer evidence that Lehman Brothers fraudulently approved non-subprime mortgage loans such as those at issue in Davis's trial. In addressing whether the evidence would probably produce an acquittal, the District Court noted that Davis was also found guilty of bank fraud against Commerce Bank North. In her Rule 59(e) motion, Davis challenged the District Court's determination that the new evidence presented was not relevant to the type of loan at issue in Davis's case. The District Court denied the motion.

We agree with the District Court that Davis has not met all five requirements for granting a motion for a new trial. She has not shown that the evidence was newly discovered and that it would probably produce an acquittal. As noted by the District Court, Davis knew of the bank's questionable business practices before trial. Moreover, Davis admits that 18 U.S.C. § 1344 proscribes defrauding the financial institution and not its officers or agents. See United States v. Jimenez, 513 F.3d 62, 74 (3d Cir. 2008). Thus, it would not have been a defense that the employees were allegedly aware that Davis was filing the false mortgage applications. Furthermore, as we noted on direct appeal, bank employees testified that they would not have made the loans had they known that the information provided was false.

The District Court did not abuse its discretion in denying Davis's Rule 33 motion or Rule 59(e) motion. Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as

4

those set forth by the District Court, we will summarily affirm the District Court's order.

See Third Circuit I.O.P. 10.6.