ALD-222                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2064
_____

UNITED STATES OF AMERICA

v.

RICHARD CORBIN,
a/k/a RASHEED,
a/k/a SHEED,
a/k/a RICHARD RASHEED CORBIN

Richard Corbin,
                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-10-cr-00352-002)
District Judge:  Honorable Michael M. Baylson

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 28, 2015

Before: RENDELL, CHAGARES and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 22, 2015)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Richard Corbin appeals the District Court's order denying his motion for a new trial. For the reasons below, we will summarily affirm the District Court's order.

In June 2011, Corbin was convicted of several counts of robbery, drug trafficking, and using firearms during a crime of violence. He was subsequently sentenced to 1284 months in prison. He filed a pro se notice of appeal, and we affirmed his conviction and sentence in April 2015. See C.A. No. 11-2767. In February 2014, while his appeal was pending, Corbin filed a pro se motion for a new trial pursuant to Fed. R. Crim. P. 33. The Government argued that the motion should be dismissed because Corbin's direct appeal was pending. Instead, the District Court denied the motion as untimely, and Corbin filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291, and we review the District Court's order for an abuse of discretion. United States v. Brennan, 326 F.3d 176, 189 (3d Cir. 2003). Rule 33 allows for a motion for a new trial to be filed within three years of a verdict if based on newly discovered evidence or within fourteen days if based on any other reason. Fed. R. Crim. P. 33(b). We may affirm a correct decision by the District Court even if it is based on an inappropriate ground. United States v. Jasin, 280 F.3d 355, 362 (3d Cir. 2002).

Corbin argues that his motion is based on newly discovered evidence. The test we apply to determine whether to grant a new trial based on newly discovered evidence has five parts:

2

(a) the evidence must be[,] in fact, newly discovered, i.e., discovered since trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) evidence relied on[ ] must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

Id. at 361 (alterations in original) (quoting United States v. Iannelli, 528 F.2d 1290, 1292 (3d Cir. 1976)). If one of these requirements is not met, the motion fails. Id. at 365.

Corbin bases his Rule 33 motion on an affidavit from a codefendant, Jamil Lloyd. In a statement to police, Lloyd had admitted to the armed robberies of two pharmacies, both with Corbin. Lloyd also told the FBI that Corbin bragged about other pharmacy robberies. Before the grand jury, Lloyd gave detailed testimony of how he and Corbin had robbed the two pharmacies. Lloyd was going to testify against Corbin at trial but then invoked his Fifth Amendment rights against self-incrimination after stating that his prior statements were false.

Corbin asserted in his Rule 33 motion that Lloyd has provided him with a four-page exculpatory affidavit. In the affidavit, Lloyd admitted that he participated in the robbery of one pharmacy but never robbed any pharmacies with Corbin. Lloyd also stated that law enforcement officials threatened him and fed him the answers they wanted when they questioned him.

As noted above, the first question is whether the evidence is newly discovered. Corbin admits that he knew about the evidence on the first two pages of Lloyd's affidavit

3

before trial[1] but contends that he did not know of the evidence on the third and fourth pages. On those last two pages of the affidavit, Lloyd alleges that law enforcement officials threatened him into giving a false statement against Corbin.

We will limit our analysis to the evidence on the third and fourth pages of the affidavit and assume arguendo that the evidence is newly discovered and Corbin was diligent. However, evidence that law enforcement coerced a statement from Lloyd would not be material since Lloyd did not testify. Moreover, Corbin has not shown that Lloyd's proposed testimony would probably produce an acquittal. Lloyd did not testify against Corbin at trial, and Corbin was convicted based on the other evidence against him. Evidence of a coerced statement by a non-testifying codefendant would not change this result.[2] Thus, Corbin's motion for a new trial fails because it does not meet several of the requirements for such motions.

Although we affirm for different reasons, the District Court did not abuse its discretion in denying Corbin's Rule 33 motion. Summary action is appropriate if there is

---

[1] We agree. While he gave inculpatory testimony against Corbin at the grand jury, at trial Lloyd stated that his prior statements were false before invoking his Fifth Amendment privilege. Thus, Corbin knew at the time of trial that Lloyd would disavow his previous testimony. See also Jasin, 280 F.3d at 368 ("a codefendant's testimony known to the defendant at the time of trial cannot be considered 'newly discovered evidence' under Rule 33, regardless of the codefendant's unavailability during trial because of invocation of his Fifth Amendment privilege.")

[2] Even considering the entirety of Lloyd's affidavit, Corbin has not shown he would be acquitted. Lloyd's purportedly exculpatory testimony would be undermined and likely outweighed by his inculpatory testimony at the grand jury and his statement to law enforcement, both of which could be used to impeach him if he testified. See Fed. R. Evid. 613.

no substantial question presented in the appeal.  <u>See</u> Third Circuit LAR 27.4.  For the above reasons, we will summarily affirm the District Court's order.  <u>See</u> Third Circuit I.O.P. 10.6.